UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 8:21-cr-286-JSM-SPF

JUAN GABRIEL RIOS-SILVA

**UNITED STATES' RESPONSE TO DEFENDANT'S SPECIFIC DEMAND FOR BRADY EVIDENCE AND RESPONSE TO NOTICE OF <u>INTENT TO RELY UPON PUBLIC AUTHORITY DEFENSE</u>**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response to Defendant's Motion For Brady Material and Notice of Intent to Rely On Public Authority Defense.

1. On November 23, 2021, the defendant filed a Notice of Public Authority Defense Pursuant to Federal Rule of Criminal Procedure 12.3. Doc. 33. In the Notice, the defendant alleges the United States Drug Enforcement Administration (DEA) is involved and that "an agency member or person acting on behalf of an agency (DEA) member is known to the defendant only as "Sharkey" and that contact occurred in 2014 or 2015 and again between May 2021 and August 2021."

2. The defendant has never been an informant for the DEA and has never cooperated with the government. In addition, "Sharkey" has never been an agent with the DEA and has no authority to authorize criminal conduct by an informant.

3.  The Eleventh Circuit recognizes three related, but distinct, forms of the public authority defense: 1) public authority, entrapment-by-estoppel, and innocent intent. *United States v. Alvarado,* 808 F.3d 474, 484 (11th Cir. 2015). To present such a defense, the defendant must meet certain evidentiary prerequisites. *Id.* First, the defendant must establish that a defendant must demonstrate that "a federal law enforcement officer actually authorized the defendant to commit the particular criminal act at issue, and the defendant must have reasonably relied on that authorization when engaging in that conduct." *Id.* Second, "the government official on whom the defendant purportedly relied must have actually had the authority to permit a cooperating individual to commit the criminal act in question." *Id.* If "the officer possessed no such authority, then the public authority defense cannot be asserted." *Id.* See also *United States v. Guevara,* 99 Fed. Appx. 300, 303 (2nd Cir. 2004).

4.  Entrapment-by-estoppel "applies to a defendant who reasonably relies on the assurance of a government official that specified conduct will not violate the law." *Id.* at 485. For an entrapment-by-estoppel defense, requires the official must have "apparent authority". *Id.*

5.  An innocent intent defense can be made if the defendant "genuinely believed that the criminal acts he performed were done at the direction, and with the permission, of an appropriate governmental agency." *Id.* at 486. The Eleventh Circuit has recognized this defense where the defendant argues his criminal acts were undertaken as part of his cooperation with the Government." *Id.* Here, the defendant never cooperated with the Government.

6. For both the public authority and entrapment-by-estoppel defenses "the defendant must show an affirmative communication from a government agent authorizing the activity." *United States v. Merrill,* 685 F.3d 1002, 1012 (11th Cir. 2012); *United States v. Johnson,* 139 F.3d 1359, 1365 (11th Cir. 1998). A defendant also cannot rely on a defense that the government knew or purportedly knew about his involvement in the charged conduct as a defense. *United States v. Merrill*, 685 F.3d at 1012.

7. Unless the defendant can present relevant evidence to support a defense, the court can bar its presentation to a jury. *United States v. Anton*, 546 F.3d 1355, 1357 (11th Cir. 2008). The Eleventh Circuit has consistently held that the district court can determine pre-trial whether sufficient evidence can establish any form of the public authority defense. *United States v. Reyes-Vasquez,* 905 F.2d 1497, 1499-1501 (11th Cir. 2008); *United States v. Anderson,* 872 F.2d at 1516; *United States v. Johnson*, 139 F.3d at 1365.

8. The defendant claims the DEA informant provided him a business card representing himself to be a DEA agent. The defendant is unable to produce this card. The defendant also claims he was told by the DEA informant that it was not illegal to sell outboard and inboard engines to maritime narcotic traffickers to be used in narcotics smuggling ventures. The DEA informant denies both of the defendant's claims.

9. The defendant's Brady requests in Doc. 50 are overly broad, all encompassing and completely lacking in showing the materiality of the requested

information and that pretrial disclosure would "significantly" alter the "quantum of proof in his favor". *United States v. Jordan*, 316 F.3d. 1215, 1250-51 (11th Cir. 2003). The defendant must make a specific request for the item with an explanation of how it would be helpful to the defense. *Id*. at 1250. Here, the defendant makes a variety of specific requests without explanation of how it is helpful to the defense.

10. Nevertheless, the United States is working to obtain information from various Governmental agencies that the DEA informant has worked for to determine if there is such information. If the information is clearly material, it will be provided to the defense. If it is unclear whether the materiality standard has been met, the United States will present the information to the Court for *in camera* review. *Id*. at 1252.

WHEREFORE, the United States respectfully urges this Honorable Court to deny the motion.

Respectfully submitted,

ROGER B. HANDBERT
United States Attorney

By: */s/ Joseph K. Ruddy*
Joseph K. Ruddy
Assistant United States Attorney
United States Attorney No. 037
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
Email: Joseph.Ruddy@usdoj.gov

U.S. v. Juan Gabriel Rios-Silva　　　　　Case No. 8:21-cr-286-JSM-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022 a true and correct copy of the foregoing document by using the CM/ECF system with the Clerk of Court, to the following:

Counsel of Record

*/s/ Joseph K. Ruddy*
Joseph K. Ruddy
Assistant United States Attorney
United States Attorney No. 037
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
Email: Joseph.Ruddy@usdoj.gov