UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:21-cr-286-JSM-SPF

JUAN GABRIEL RIOS-SILVA

**UNITED STATES' RESPONSE TO DEFENDANT'S NOTICE OF PUBLIC AUTHORITY DEFENSE AND MOTION IN LIMINE TO LIMIT OR PRECLUDE DEFENDANT'S PUBLIC AUTHORITY DEFENSE**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response to Defendant's Notice of Public Authority Defense, Doc. 33, and Motion in Limine to Exclude Evidence and Defenses.

1. On November 23, 2021, the defendant filed a Notice of Public Authority Defense Pursuant to Federal Rule of Criminal Procedure 12.3. Doc. 33. In the Notice, the defendant alleges the United States Drug Enforcement Administration (DEA) is involved and that "an agency member or person acting on behalf of an agency (DEA) member is known to the defendant only as "Sharkey" and that contact occurred in 2014 or 2015 and again between May 2021 and August 2021.

  2. The defendant has never been an informant for the DEA and has never cooperated with the government. In addition, "Sharkey" has never been an agent with the DEA and has no authority to authorize criminal conduct by an informant.

  3. The Eleventh Circuit recognizes three related, but distinct, forms of the public authority defense: 1) public authority, entrapment-by-estoppel, and innocent intent. *United States v. Alvarado,* 808 F.3d 474, 484 (11th Cir. 2015). To present such a defense, the defendant must meet certain evidentiary prerequisites. *Id.* First, the defendant must demonstrate that "a federal law enforcement officer actually authorized the defendant to commit the particular criminal act at issue, and the defendant must have reasonably relied on that authorization when engaging in that conduct." *Id.* Second, "the government official on whom the defendant purportedly relied must have actually had the authority to permit a cooperating individual to commit the criminal act in question." *Id.* If "the officer possessed no such authority, then the public authority defense cannot be asserted." *Id.* See also, *United States v. Guevara,* 99 Fed. Appx. 300, 303 (2nd Cir. 2004).

  4. Entrapment-by-estoppel "applies to a defendant who reasonably relies on the assurance of a government official that specified conduct will not violate the law." *Alvarado.* at 485. An entrapment-by-estoppel defense

requires the official must have "apparent authority". *Id.*

5.   An innocent intent defense can be made if the defendant "genuinely believed that the criminal acts he performed were done at the direction, and with the permission, of an appropriate governmental agency." *Id.* at 486.  The Eleventh Circuit has recognized this defense where the defendant argues his criminal acts were undertaken as part of his cooperation with the Government." *Id.*

6.   For both the public authority and entrapment-by-estoppel defenses "the defendant must show an affirmative communication from a government agent authorizing the activity." *United States v. Merrill,* 685 F.3d 1002, 1012 (11th Cir. 2012)*; United States v. Johnson,* 139 F.3d 1359, 1365 (11th Cir. 1998).  A defendant also cannot rely on a defense that the government knew or purportedly knew about his involvement in the charged conduct as a defense. *United States v. Merrill*, 685 F.3d at 1012.

7.   Unless the defendant can present relevant evidence to support a defense, the court can bar its presentation to a jury. *United States v. Anton*, 546 F.3d 1355, 1357 (11th Cir. 2008).  The Eleventh Circuit has consistently held that the district court can determine pre-trial whether sufficient evidence can establish any form of the public authority defense. *United States v. Reyes-Vasquez,* 905 F.2d 1497, 1499-1501 (11th Cir. 2008); *United States v. Anderson,*

872 F.2d at 1516; United States v. Johnson, 139 F.3d at 1365.

8. In the case at bar, the defendant gave a post-*Miranda* statement to law enforcement after his arrest at the Miami International Airport (MIA) on August 1, 2021. During that confession, the defendant gave a detailed statement about having supplied cocaine traffickers with marine engines and accessories to be used in maritime cocaine smuggling ventures involving hundreds to thousands of kilograms of cocaine. The defendant identified seven separate Transnational Criminal Organizations (TCOs) that he supplied engines and accessories from 2005 to the present.

9. The defendant also stated in 2014-2015, he met an individual known only as "Sharkey" in Miami, Florida. The defendant claimed "Sharkey" identified himself as a Drug Enforcement Administration (DEA) agent, provided him a business card, and asked the defendant to install GPSs inside engines that the defendant would sell to TCOs. The defendant refused to do this, expressing fear of the possible consequences for doing so. The defendant claims he asked "Sharkey" if selling engines to the TCOs was illegal and, if it was, he would close down his stores to avoid further issues. The defendant claims "Sharkey" told him he was not doing anything wrong. The defendant never cooperated with the United States government. The defendant claims he discarded "Sharkey's" business card.

10. The two lost contact until 2021 when "Sharkey" contacted the defendant about cooperating with the government to assist the defendant's brother, who was in custody in Picota, Colombia awaiting extradition to the Eastern District of Texas on an Indictment charging the defendant's brother with selling go-fast vessels (GFVs) to TCOs to be used in smuggling ventures. A meeting with the defendant and "Sharkey" was to occur in Miami in August 2021. The defendant was arrested at MIA upon his arrival on August 1, 2021.

11. "Sharkey" was never a DEA agent but was an informant for the DEA in 2014. "Sharkey" denies: 1) ever identifying himself as a DEA agent to the defendant; 2) providing the defendant with a business card identifying himself as a DEA agent; or 3) advising the defendant there was nothing wrong with selling engines to TCOs to be used to smuggle cocaine. To the contrary, "Sharkey" maintains the defendant never asked if selling engines was illegal. Instead, the defendant told "Sharkey" he only wanted to sell engines and not be involved in anything else because selling engines was a legitimate business in Colombia.

12. The defendant appears to be asserting an affirmative "entrapment by estoppel" defense which "applies to a defendant who reasonably relies on the assurance of a government official that specified conduct will not violate

the law." *United States v. Alvarado,* 808 F.3d 474, 484-84 (11th Cir. 2015). "It is fundamental that the United States is not estopped by representations made by an agent without authority to bind the government in a transaction." *United States v. Gutierrez-Gonzalez,* 184 F.3d 1160, 1166 (10th Cir. 1999). The doctrine of entrapment by estoppel is invoked with great reluctance. Id. The Tenth Circuit further expounded that reliance on a legal interpretation by a government official assumes the risk it is in error and that "the government could scarcely function if it were bound by its employees' unauthorized representations." Id.

13. Here, "Sharkey" was not a DEA agent and had no authority to provide advice on what conduct was legal or illegal in the United States, Colombia or elsewhere. To establish entrapment by estoppel, the defendant must show that a government official misrepresented a point of law and the defendant reasonably relied on the misrepresentation. *United States v. Funches* 135 F.3d 1405, 1407 (11th Cir. 1998).

14. In order to rely upon the advice, the defendant must have advised the government official of all relevant historical facts. *United States v. Tallmadge,* 829 F.2d 767, 774 (9th Cir. 1987). If the defendant attempting to assert the estoppel defense mispresented the facts or omitted relevant facts, the defendant cannot claim he was misled by a government official he himself

6

misled.  *United States v. Billue,* 994 F.2d 1562, 1569 (11th Cir. 1993) (Defendant's reliance on "the defense of entrapment by estoppel is unavailing."  "If permitted, it would allow convicted felons to withhold material facts from a federally licensed firearms dealer, elicit an erroneous response based upon the non-disclosure, and then plead entrapment.")

15. Here, at least two leaders in the seven TCOs the defendant identified in his post-*Miranda* statement of August 1, 2021 have been debriefed and confirm the defendant did, in fact, supply them with engines for use in maritime cocaine smuggling ventures.  In addition, those two individuals described additional criminal conduct by the defendant related to this illegal activity, including investing in smuggling loads, transporting drug proceeds for the TCOs, laundering the TCOs' drug proceeds and selling a residence to one of the TCO leaders in exchange for drug proceeds, dating as far back as 2005.

16. Taken in its entirety, the defendant could not have reasonably relied on representations he alleges were made by "Sharkey", which "Sharkey" denies. Even if the defendant's claims are to be presumed credible, his failure to fully advise "Sharkey" of the extent of his criminal conduct with the TCOs renders an entrapment by estoppel defense unavailable to the defendant. Id. at 1568. (A district court "has the authority to refuse to instruct the jury on a defense where the evidence, if believed, fails to establish a legally cognizable defense.")

WHEREFORE, the United States respectfully urges this Honorable Court to grant this motion in limine.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

By:   */s/ Joseph K. Ruddy*
    Joseph K. Ruddy
    Assistant United States Attorney
    United States Attorney No. 037
    400 N. Tampa St., Ste. 3200
    Tampa, FL 33602-4798
    Telephone: (813) 274-6000
    Facsimile: (813) 274-6125
    Email: Joseph.Ruddy@usdoj.gov

**U.S. v. Juan Gabriel Rios-Silva**        **Case No. 8:21-cr-286-JSM-SPF**

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022 a true and correct copy of the foregoing document by using the U.S. mail and CM/ECF system with the Clerk of Court, to the following:

Counsel of Record

>*/s/ Joseph K. Ruddy*
>Joseph K. Ruddy
>Assistant United States Attorney
>United States Attorney No. 037
>400 N. Tampa St., Ste. 3200
>Tampa, FL 33602-4798
>Telephone: (813) 274-6000
>Facsimile: (813) 274-6125
>Email: Joseph.Ruddy@usdoj.gov