**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 21-cr-286-JSM-SPF**

**UNITED STATES OF AMERICA,**

*Plaintiff,*

**v.**

**JUAN GABRIEL RIOS-SILVA,**

*Defendant.*

_____/

## DEFENDANT'S BELATED RESPONSE IN OPPOSITION TO GOVERNMENT'S INCORPORATED MOTION IN LIMINE [D.E. 64][1]

**COMES NOW** the Defendant, JUAN GABRIEL RIOS-SILVA, by and through undersigned counsel, and hereby motions the Court for the entry of an Order denying the Government's Motion Limine to preclude the Defendant's Government Authority Defense. As grounds, the Defendant asks this Court to consider the following reasons:

**PROCEDURAL HISTORY OF MOTION IN LIMINE**

1.    On or about November 3, 2021, Defendant filed his Notice of Public Authority Defense [D.E. 33] based upon contact with an agent of the government.

---

[1] Government's filing [D.E. 64] was filed as a "Response" using the CM/ECF System and incorporated a Motion in Limine in the Response. Undersigned counsel and his staff failed to calendar a timely response date for the incorporated Motion in Limine as it was erroneously only considered a "Response."

2.     On April 26, 2022, this Court ordered the Government to file its response to Defendant's Notice of Government Authority Defense.

3.     On May 2, 2022, the Government filed his Response [D.E. 64] with an incorporated Motion in Limine seeking to preclude the Defendant from presenting his Government Authority Defense (Entrapment by Estoppel).

4.     On July 7, 2022, this Court issued an Order [D.E. 66] that the Government's Motion would be considered at the beginning of trial.

5.     On December 7, 2022, this Court set the Government's incorporated Motion in Limine for hearing on December 13, 2022. This response follows.

**UNDISPUTED FACTS:**

6.     Defendant was contacted by a confidential source operating in the United States and Colombia, S.A., among other countries, beginning on or about 2013.[2]

7.     In February of 2014 the confidential source contacted Mr. Rios-Silva and arranged for an in-person meeting while Mr. Rios-Silva would be in Miami, Florida.

8.     The confidential source sought to recruit Mr. Rios-Silva as a source or sub-source for his own cooperation.[3]

---

[2] The source was operating since at least the end of 2011.
[3] It is a disputed fact whether the confidential source held himself out to be an actual agent of the Drug Enforcement Agency (DEA).

9.      The confidential source desired to use Mr. Rios-Silvato place GPS devices on motors/engines he sold at his marine supply shop on Colombia, Argonautica.

10.     Although Mr. Rios-Silva did not agree to place GPS devices on the motors at this in-person meeting, he had already sold and continued to sell engines, motors, and vessels to the confidential source believing that the source was using the motors/engines/vessels for the benefit of the United States Government.

11.     At the time of the Defendant's arrest in 2021, the confidential source owed the Defendant money for the sale of an engine/motor/ or vessel.   The confidential source resurfaced on or about this time just prior to the arrest when Mr. Rios-Silva was planning his trip to Miami for August 1, 2021.

12.     The confidential source communicated to Mr. Rios-Silva that they should get some pasta again while he is here in the Miami area.[4]

13.     In 2015, the confidential source was deactivated for misconduct: this misconduct included the delivery of at least one load of cocaine to a Mexican International Drug Trafficking Organization without the knowledge of and contrary to the instructions of his handling agents, not disclosing material facts to agents, and not being truthful to his handling agents and the investigators conducting the misconduct investigation.

---

[4] This was communicated by WhatsApp messenger and is a reference to the dinner they had in 2014 that also included Mr. Rios-Silva's wife at an Italian restaurant located in the Sawgrass Mills Mall located in Broward County, Florida.

14.    Despite this, the confidential source was signed up again as a confidential source by the government in 2021 by the at least one federal agency (DEA).

**GENERAL PROFFERED TESTIMONY OF MR. SILVA**

15.    Mr. Rios-Silva will testify that the confidential source was introduced to him by an individual named Oscar Valencia who held the source out to be a relative of his. Most initial conversations were by the messenger platform, WhatsApp.

16.    Mr. Rios-Silva will testify that at their South Florida, in-person meeting, the confidential source held himself out to be a federal law enforcement agent and displayed and provided a business card with a gold shield embossed on the card.

17.    Mr. Rios-Silva will testify he believed the confidential source to be a Federal agent and that any sales of motors to the source and/or his associates was for the purpose of assisting law enforcement.

18.    Mr. Rios-Silva will testify to a conversation with the source where he inquired if the sale of engines/motors to persons that may be involved in narcotics activities is illegal. The confidential government source responded in the negative, that Mr. Rios-Silva is not doing anything illegal, and could continue to sell motors.[5]

---

[5] Mr. Rios-Silva disclosed his interactions and the substance of his conversations with agents when he was arrested on August 1, 2021.

## MEMORANDUM OF LAW

Standard of Review

Whether there is sufficient evidence to constitute a triable issue of entrapment by estoppel is a question of law. *See United States v. Thompson,* 25 F.3d 1558, 1563 (11th Cir. 1994) (specifically holding that district court's decision that entrapment by estoppel is or is not a permissible defense is a question of law). Therefore, the standard of review is *de novo* regarding this District Court's decision on whether Mr. Rios-Silva can present his defense of entrapment by estoppel. *U.S. v. Gutierrez-Gonzalez*, 184 F.3d 1160 (10th Cir. 1999)

Argument

The Eleventh Circuit in *United States v. Baptista-Rodriguez,* discussed in detail that there are three basic defenses that fall under the penumbra of a government authority defense. 17 F.3d 1354 (11th Cir.1994). First, the defendant may offer evidence that he/she honestly, albeit mistakenly, believed he/she was performing the crimes charged in the indictment in cooperation with the government. *Id.* More than an affirmative defense, this is a defense strategy relying on a "mistake of fact" to undermine the government's proof of criminal intent, the *mens rea* element of the crime. *Id,* at 1363-68; *United States v. Anderson*, 872 F.2d 1508 (11th Cir. 1989), cert. denied, 493 U.S. 1004 (1989); *United States v. Juan*, 776 F.2d 256 (11th Cir. 1985). The defendant must be allowed to offer evidence that negates his/her criminal intent, *id.*, and, if that evidence is admitted, to a jury instruction on the issue of his/her intent, *id.*, and if that evidence is admitted, he is

entitled to a jury instruction on the issue of intent. *United States v. Abcasis*, 45 F.3d 39 (2d Cir. 1995); *United States v. Anderson*, 872 F.2d at 1517-1518 (11th Cir. 1989). In *Anderson*, the Eleventh Circuit approved the district court's instruction to the jury that the defendants should be found not guilty if the jury had a reasonable doubt whether the defendants acted in good faith under the sincere belief that their activities were exempt from the law. In *Juan*, *supra,* the defendant admitted the criminal acts charged against him, but sought to defend by demonstrating a lack of criminal intent, *i.e.*, that he thought he was doing those things in cooperation with the United States government.

The second type of government authority defense is the affirmative defense of public authority, i.e., that the defendant knowingly committed a criminal act but did so in reasonable reliance upon a grant of authority from a government official to engage in illegal activity. This defense may lie, however, only when the government official in question had actual authority, as opposed to merely apparent authority, to empower the defendant to commit the criminal acts with which he is charged. *United States v. Anderson*, 872 F.2d at 1513-15; *United States v. Rosenthal*, 793 F.2d 1214, 1236, modified on other grounds, 801 F.2d 378 (11th Cir. 1986), cert. denied, 480 U.S. 919 (1987). The genesis of the "apparent authority" defense was the decision in *United States v. Barker*, 546 F. 2d 940 (D.C. Cir. 1976). Courts have generally not followed its "apparent authority" defense. E.g., *United States v. Duggan*, 743 F.2d 59 (2d Cir. 1984); *United States v. Rosenthal*, 793 F.2d 1214 (11th Cir. 1986). If the government official

lacked actual or real authority, however, the defendant will be deemed to have made a mistake of law, which generally does not excuse criminal conduct. *Id.*

The third possible government authority defense is "entrapment by estoppel," which is somewhat similar to public authority. In the defense of public authority, it is the defendant whose mistake leads to the commission of the crime; with "entrapment by estoppel," a government official commits an error and, in reliance thereon, the defendant thereby violates the law. *United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994); *United States v. Hedges*, 912 F.2d 1397, 1405 (11th Cir. 1990); *United States v. Clegg*, 846 F.2d 1221, 1222 (9th Cir. 1988); *United States v. Tallmadge*, 829 F.2d 767, 773-75 (9th Cir. 1987). Such a defense has been recognized as an exception to the mistake of law rule. In *Tallmadge*, for example, a Federally licensed gun dealer sold a gun to the defendant after informing him that his circumstances fit into an exception to the prohibition against felons owning firearms. After finding that licensed firearms dealers were Federal agents for gathering and dispensing information on the purchase of firearms, the Court held that a buyer has the right to rely on the representations made by them. *Id*. at 774. *See, United States v. Duggan*, 743 F.2d 59 (2d Cir. 1984). To assert such a defense, the defendant bears the burden of proving that he\she was reasonable in believing that his/her conduct was sanctioned by the government. *United States v. Lansing*, 424 F.2d 225, 226-27 (9th Cir. 1970). See *United States v . Burrows*, 36 F.3d at 882 (citing *United States v. Lansing*, 424 F.2d 225 (9th Cir. 1970).

The difference between the entrapment by estoppel defense and the public authority defense is not great. In entrapment by estoppel a government official commits an error, and the defendant relies on it and thereby violates the law. *See United States v. Brebner,* 951 F.2d 1017, 1025 (9th Cir.1991) ("In short, the defense involves the 'concept of unintentional entrapment by an official who mistakenly misleads a person into a violation of the law'") (quoting *United States v. Tallmadge,* 829 F.2d at 767 (9th Cir. 1987). In the second, a government official makes some statement or performs some act, and the defendant relies on it, possibly mistakenly, and commits an offense in so doing. In *Tallmadge, supra,* the court described the defense of entrapment by estoppel as follows: "Entrapment by estoppel applies when an official tells the defendant that certain conduct is legal and the defendant believes the official." *Id.* at 825 (*citing, United States v. Hsieh Hui Mei Chen,* 754 F.2d 817 (9th Cir. 1987), *cert. denied,* 471 U.S. 1139, 105 S.Ct. 2684, 86 L.Ed.2d 701 (1985); *Cox v. Louisiana,* 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965)).

The Eleventh Circuit has specifically recognized this defense as mentioned above. Here, Mr. Rios-Silva reasonably believed that he received information and advice from an actual agent of the D.E.A. and relied upon it; however, even if the confidential source was not an actual agent of the D.E.A., the Defendant is still entitled to present evidence of his entrapment by estoppel defense as it is a question for the trier of fact to resolve if Mr. Rios-Silva's belief was reasonable. "A defendant makes out a defense of public authority only when he has shown that his reliance on governmental authority was

reasonable as well as sincere." *United States v. Burrows*, 36 F. 3d 875 (9th Cir. 1994) (stating that the Court's opinion on reasonableness makes their opinion on government authority defenses internally consistent, and at the same time brings them into harmony with that of other courts which have addressed the issue)(*citing*, *Baptista-Rodriguez*, 17 F.3d at 1368 (11th Cir. 1994); *United States v. Lopez-Lima*, 738 F.Supp. 1404, 1410 (S.D. Fla. 1990)).

In overturning the District Court's decision in granting the government's motion in limine to exclude evidence relevant to the defendant's public authority defense, the Eleventh Circuit in *Thompson, infra,* stated that:

> "[E]ntrapment by estoppel applies when an official tells a defendant that certain conduct is legal and the defendant believes that official." *Id.* (citing *Cox v. Louisiana,* 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965); *Raley v. Ohio,* 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959); *United States v. Tallmadge,* 829 F.2d 767 (9th Cir.1987); *United States v. Clegg,* 846 F.2d 1221 (9th Cir.1988)). Because the defense of entrapment by estoppel "rests upon principles of fairness ... it may be raised even in strict liability offense cases." *Id.* (*citing Tallmadge,* 829 F.2d at 773). To disallow such a defense to be presented "would be to sanction an indefensible sort of entrapment by the State." *Cox,* 379 U.S. at 571, 85 S.Ct. at 484 (citing *Raley,* 360 U.S. 423, 79 S.Ct. 1257).

*United States v. Thompson*, 25 F.3d 1558 (11th Cir. 1994).

The *Thompson* Court went on to further state that

> if there was any basis to support the theory that Thompson
>
> had been told he could possess a firearm, the jury should have
>
> been permitted to hear the testimony and weigh the evidence

itself. Even if Thompson's testimony regarding the alleged
immunity agreement was not credible, as the government
asserts and the district court found, it is the jury's, not the
district court's, function to determine questions of credibility
and assess Thompson's testimony. *Billue,* 994 F.2d at 1565
(citing *United States v. Parrado,* 911 F.2d 1567, 1571 (11th
Cir.1990)); *United States v. Hewitt,* 663 F.2d 1381, 1385
(11th Cir.1981)

*Id. at 1565; See also United States v. Baptista–Rodriguez,* 17F.3d 1354, 1363–66 & n. 18
(11th Cir.1994) (finding abuse of discretion in District Court's ruling that a document
relating to the defendant's termination from his relationship with the FBI was immaterial
to his defense of lack of intent to commit a crime); *United States v. Anderson,* 872
F.2d1508, 1517 (11th Cir.1989) (finding that classified material was properly excluded,
but recognizing defendants' right to argue that they lacked criminal intent because of their
belief that they were aiding the CIA.)

Although the District Court's have discretion on the admissibility of evidence,
"such discretion does not, however, "extend to the exclusion of crucial relevant evidence
necessary to establish a valid defense." *United States v. Anderson*, 872 F.2d 1508 (1th
Cir. 1989)(*citing, United States v. Wasman,* 641 F.2d 326, 329 (5th Cir. Unit B 1981)
(citing *United States v. Riley,* 550 F.2d 233, 236 (5th Cir.1977)). The Eleventh Circuit
has further recognized that when a defendant based his actions upon a mistake of fact, as

opposed to a mistake of law, this circuit has recognized that such a defense is valid. According to this view, a "mistake of fact" defense is really but another way of stating that a defendant lacks criminal intent, and thus must be permitted. *Id.* at 1516 (*citing*, U*nited States v. Juan,* 776 F. 2d 256 (11th Cir.1985)).

Conclusion

The Court should deny the government's Motion in Limine and allow evidence of Mr. Rios-Silva's government authority defense and instruct the jury appropriately. Here, as in *United States v. Hedges*, 912 F. 2d 1397 (11th Cir 1990), the defendant has properly and timely requested the court to instruct the jury on the defense theory via its Notice of Government Authority Defense filed on November 3rd 2021. In overturning the District Court's refusal to instruct the jury on his government authority defense, the Eleventh Circuit stated in *Hedges* that:

> A defendant is entitled to have the court instruct the jury on
> the theory of the defense, as long as it has some basis in the
> evidence and has legal support". *United States v. Orr,* 825
> F.2d 1537, 1542 (11th Cir.1987). *See also United States v.*
> *Terebecki,* 692 F.2d 1345, 1351 (11th Cir.1982). The
> evidence must be reviewed in the light most favorable to the
> defendant in determining whether a basis for the instruction
> exists. *Richardson v. United States,* 403 F.2d 574, 575

(D.C.Cir.1968). "[T]he defendant 'is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.' " *United States v. Lively,* 803 F.2d 1124, 1126 (11th Cir.1986) (quoting *United States v. Young,* 464 F.2d 160, 164 (5th Cir.1972).

*Hedges*, 912 F. 2d 1397, 1405-1406 (11th Cir 1990).

**WHEREFORE,** the Defendant, JUAN GABRIEL RIOS-SILVA, respectfully asks this Honorable Court to deny the Government's Motion in Limine to preclude Defendant's government authority defense and properly instruct the jury as to the Defendant's government authority defense.

13

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on **<u>December 11, 2021,</u>** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

**PRIETO LAW FIRM**
201 S. Biscayne Blvd., Suite 2800
Miami, FL 33131
Phone: (305) 577-3440
Fax:    (305) 358-2503
frank@frankprietolaw.com

By:    ***/s/Frank A. Prieto***
       FRANK A. PRIETO, ESQ.
       Florida Bar No.: 514071