UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 21-cr-286-JSM-SPF

UNITED STATES OF AMERICA,

*Plaintiff,*

**v.**

**JUAN GABRIEL RIOS-SILVA,**

*Defendant.*
_____/

## DEFENDANT'S UNOPPOSED MOTION TO TAKE FOREIGN DEPOSITIONS AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** the Defendant, JUAN GABRIEL RIOS-SILVA, by and through undersigned counsel, and hereby files this Motion to Take Foreign Depositions, pursuant to Fed. R. Crim. P. 15 and seeks the Court's permission to take the depositions of witnesses in Cali, Colombia, at a date and time to be determined by agreement between counsel for the Defendant and counsel from the Government. The purpose of these depositions is not for discovery, but rather to preserve the testimony of the prospective witnesses for use at trial. In support of this motion, the defendant states the following:

1. Due to the exceptional circumstances of this case, "it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use" at the trial of this case, within the meaning of Fed. R. Crim. P. 15(a).

---
**PRIETO LAW FIRM**
55 Merrick Way, Suite 212, Coral Gables, FL 33134
Office (305) 577-3440◆Fax (786) 971-5658

2. As more fully outlined herein, the prospective witnesses are foreign nationals who currently reside in Colombia and are therefore, beyond the subpoena powers of this Court. These Case witnesses do not possess U.S. visas, and should a visa not be forthcoming, these individuals would be unable to travel to the United States to testify at trial. Anecdotally, the process to obtain a U.S. visa is approximately 2 years if the witnesses began the process now.

3. Defendant Rios-Silva is charged in a drug conspiracy. The Defendant is a Colombian national who owns and/or operates a business in Cali Colombia, *Argonautica*, that imports and sells engines in the maritime industry. Undersigned and/or his investigator traveled to Cali, Colombia and interviewed approximately 6 individuals; some are fact witnesses, rebuttal witnesses, and would be serving as character witnesses for Defendant Rios-Silva.

4. Many of the witnesses also possess critically important factual testimony of what the undersigned would consider to be highly exculpatory evidence, which if credited, would benefit the Defendant at trial.

5. The witnesses whom the defendant wishes to depose have testimony concerning the sale of boat engines in Cali, Colombia and the practices and procedures employed by the Defendant's business, *Argonautica*. The government, through discovery, has also provided intercepted phone calls that are purported to be related to a drug conspiracy. Two of the witnesses to be deposed will testify that the intercepted calls are related to heavy machinery and mining interests that involved Mr. Rios-Silva and not a drug conspiracy. Mr. Rios-Silva's wife not only has character evidence of the accused but was

also present and had dinner with the confidential source and will testify to meeting this individual in Miami, FL. This testimony supports and corroborates the defendant's Public Authority Defense. Testimony of these witnesses is crucial to the defendant's ability to defend against the charge herein and a substantial injustice would result were he not permitted to take these depositions. There are no countervailing circumstances which would render the taking of these depositions unfair to the Government.

6. Regarding the expected testimony of these witnesses, the defendant makes the following proffer:

> Lina Becerra: Ms. Becerra is the wife of Mr. Rios-Silva. Ms. Becerra was in Miami with Mr. Rios-Silva when the confidential source met with Mr. Rios-Silva in Miami, Florida, in 2014; she was also present for a dinner meeting between the CS and Mr. Rios-Silva. Ms. Becerra will testify to this meeting which corroborates Mr. Rios-Silva's testimony and provides support to his Government Authority Defense.
>
> Milton Rios-Silva: Mr. Milton Rios-Silva is the brother of Mr. Rios-Silva who also works in the marine industry in Colombia. He will testify to the manner of sales of boat engines and operations of *Argonautica*, the marine supply store operated by the defendant and the industry in general.
>
> Willy Saenz: Mr. Saenz is a licensed contractor/engineer and will testify as to the mining permits and applications ("Solicitud de Titulos") that properly contextualize an intercepted call that a government cooperator improperly claims was related to a narco-venture.
>
> Gerson Rios-Silva: Gerson Rios-Silva also works in the maritime industry and was contacted by the same confidential source who attempted to recruit him as a sub source or source for the DEA. Gerson Rios-Silva can testify to the authenticity of WhatsApp communications with that confidential source and the source's recruitment *modus operandi* as it bears close

3

resemblance to interactions with the Defendant and the confidential source.

Jimena Paz: Ms. Paz also worked with Mr. Rios-Silva and had business dealings with him concerning the mining venture that is the true subject of the intercepted phone call that the government claims is evidence of a criminal conspiracy.

Zaida Guzman: Worked for Mr. Rios-Silva in the capacity as bookkeeper/accountant and will testify to the business practices of *Argonautica* to include sales and health of the business as well as other records of regularly conducted business activity that are relevant to the intercepted call that is incorrectly classified as criminal in nature.

7. The defendant will waive his right under Fed. R. Crim. P. 15(c), to be present at the taking of these depositions.

8. Undersigned counsel has conferred with Joseph Ruddy, Assistant United States Attorney, who has no objection to the relief sought herein.

**MEMORANDUM OF LAW**

Fed. R. Crim. P. 15(a) provides that: A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice… Rule 15 expressly authorizes a party to take a deposition and use it at trial when doing so is necessary to achieve justice. *United States v. Mueller*, 74 F.3d 1152, 1156 (11th Cir. 1996); *United States v. Ramos*, 45 F.3d 1519 (11th Cir. 1995); *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993). Further, Rule 15 "was designed to facilitate the preservation of testimony which may be needed to guarantee the deposing party a fair trial." *Drogoul* at

1557. The controlling inquiry is "whether exceptional circumstances exist and whether it is in the interest of justice to allow the depositions to be taken." *Drogoul*, at 1556.[1] Exceptional circumstances exist within the meaning of Rule 15(a) when:

> The prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice… The principle consideration guiding whether the absence of a particular witness' testimony would produce injustice is the materiality of that testimony to the case… When a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires permitting the moving party to preserve that testimony – by deposing the witness – absence significant countervailing factors which would render the taking of the deposition unjust.

*Drogoul*, at 1552.

This "exceptional circumstance" analysis as articulated in *Drogoul* focuses on three (3) factors: 1) whether the witness is unavailable to testify at trial; 2) whether injustice will result because testimony material to the movant's case will be absent; and 3) whether countervailing factors render the taking of the deposition unjust to the non-moving party. *See United States v. Ramos*, 45 F.3d at 1522,1523 (11th Cir. 1995). The exceptional circumstances set forth in the Defendant's motion amply satisfy the *Drogoul/Ramos* standard and compel the conclusion that the taking of the requested depositions would be in the interest of justice.

---

[1] While the use of depositions in criminal trials is generally disfavored, such use is nonetheless authorized by Rule 15. The primary reasons for such disfavor are two: (1) the inability of the fact finder to observe the witness' demeanor, and (2) the threat to the defendant's rights under the Sixth Amendment confrontation clause. *Drogoul*, at 1552. The first of these concerns may be obviated through the taking of videotaped depositions. The second of these concerns is inapplicable where the deposition is sought to be taken at the request of the defendant.

## A. UNAVAILABILITY

> A potential witness is unavailable for purposes of Rule 15(a)… whenever a substantial likelihood exists that the proposed deponent will not testify at trial. In that situation, justice usually will be served by allowing the moving party to take the deposition, thereby preserving the party's ability to utilize the testimony at trial, if necessary.

*United States v. Drogoul*, 1 F.3d 1546 at 1553 (11th Cir. 1993).

Under *Drogoul* a substantial likelihood of unavailability can be found when the proposed deponent is beyond the subpoena powers of the United States and does not have the ability to attend trial in order to testify. *Ramos*, *supra,* at 1523. The unavailability factor is clearly satisfied in this case.[2] Because the witnesses are foreign nationals physically located outside the United States, they are beyond the subpoena powers of the United States, and their attendance cannot, therefore, be compelled.

## B. MATERIALITY

Just as there is no question that these witnesses are unavailable, there also can be no doubt as to materiality of their testimony. Where the witnesses' testimony will exculpate the defendant, either substantively or through impeachment of the testimony of an inculpating government witness, such testimony is material to the defendant's case, and substantial injustice to the defendant would result from his inability to present such evidence to the trier of fact. *Ramos*, *supra*, at 1523-24; *United States v. Drogoul*, 1 F.3d 1546 (11th Cir. 1993). An injustice will result if the defendant is unable to present the

---

[2] Unavailability is not, however, the focus per se of Rule 15(a). While unavailability is required before a deposition may be used at trial, all that must be shown to justify the taking of a deposition is a showing that exceptional circumstances exist and that justice will be served by preserving the deposition testimony. See *United States v. Drogoul*, 1 F.3d 1546, 1557 (11th Cir. 1993).

testimony of these witnesses as proffered in this motion. A proffer is sufficient under Rule 15 if it alerts the district court to the substance of the testimony that is at peril of being excluded, whether by affidavit, proffered testimony, or by calling a witness to the stand, and the substance of the proffered testimony demonstrates that the witnesses' testimony will be exculpatory as to the defendant. *United States v. Ramos*, 45 F.3d 1519, 1523 (11th Cir. 1995); *United States v. Farfan Carreon*, 935 F.2d 678, 679-80 (5th Cir. 1991). In the present case, the defendant's motion sets forth material and exculpatory information to which these witnesses will testify having previously provided these statements to the defense.

### C. COUNTERVAILING FACTORS

There are no circumstances in this case which would support a conclusion that the preservation of the witnesses' testimony through depositions would be unjust to the Government. *See Ramos*, *supra*, at 1523. The focus of a Rule 15 inquiry must necessarily, as discussed at length in *Ramos* and *Drogoul*, be upon a purported injustice in the taking of the deposition itself. There is a crucial distinction between the propriety of taking a deposition, and the propriety of using a deposition at trial. See *United States v. Drogoul*, *supra,* at 1555. To the extent that the government may suggest any unfairness in the use of this deposition at trial, any such issues are outweighed by the exceptional circumstances that exist; further, justice will be served by preserving the deposition testimony. *See Drogoul*, *supra*, at 1557. Any objections can be properly reserved until such time as the defendant offers the deposition into evidence at trial and may not defeat the defendant's Rule 15 request to take depositions when, as here, exceptional

circumstances exist which render the preservation of the testimony for possible subsequent use consonant with the interest of justice. *See Drogoul*, supra, at 1554. In sum, the taking of these depositions will result in no injustice to the Government. Quite the contrary, because their witnesses will be unavailable to testify on behalf of the defendant at his trial and because their testimony is materially exculpatory, substantial injustice to the defendant would result should the taking of these depositions be precluded.

## CONCLUSION

For all the foregoing reasons, the defendant's motion to take foreign depositions, pursuant to Fed. R. Crim. P. 15 should be granted.

### Local Rule 3.01(g) Certification

Undersigned counsel has conferred with Assistant United States Attorney, Joseph Ruddy, to ascertain his position to this motion; AUSA Ruddy does not oppose the taking of these depositions pursuant to Fed. R. Crim. P. 15.

**WHEREFORE,** the Defendant, JUAN GABRIEL RIOS-SILVA, respectfully asks this Honorable Court to consider the above and enter an Order granting this Motion to Take Foreign Depositions pursuant to Fed. R. Crim. P. 15.

Respectfully submitted,

By:    */s/Frank A. Prieto*
FRANK A. PRIETO, ESQ.
Florida Bar No.: 514071

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **January 5, 2023,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

        **PRIETO LAW FIRM**

        55 Merrick Way, Suite 212
        Coral Gables, FL 33134
        Phone: (305) 577-3440
        Fax:   (786) 971-5658
        frank@frankprietolaw.com

By:   */s/Frank A. Prieto*
        FRANK A. PRIETO, ESQ.
        Florida Bar No.: 514071