UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 8:21-cr-286-JSM-MRM

JUAN GABRIEL RIOS-SILVA

_____/

## **ORDER**

Pending before the Court is Defendant's Unopposed Motion to Take Foreign Depositions. (Doc. 94). The Undersigned held a hearing on the motion on January 25, 2023. Based on the representations made at the hearing, and the Undersigned's independent review of the briefing and record, Defendant's motion is granted. For the sake of judicial efficiency, the Court dispenses with any unnecessary recitation of the background of this case.

**I.      Legal Standard**

"Depositions generally are disfavored in criminal cases." *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (citing *United States v. Milian-Rodriguez*, 828 F.2d 679, 686 (11th Cir. 1987)). "In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect, and, consequently, not favored." *Id.* (citing *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir 1988)). But "[d]istrict courts may grant a party's request to depose a prospective witness 'because of exceptional circumstances and in the interest of justice.'" *United States v. Carter*, 776 F.3d 1309, 1325 (11th Cir. 2015)

(quoting Fed. R. Crim. P. 15(a)(1)). The moving party bears the burden of demonstrating exceptional circumstances exist. *Id.* "'[T]hree factors guide the exceptional circumstances analysis: whether (1) the witness is *unavailable* to testify at trial; (2) injustice will result because testimony *material* to the movant's case will be absent; and (3) *countervailing factors* render taking the deposition unjust to the nonmoving party.'" *Id.* (original emphasis; quoting *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995)). "The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Drogoul*, 1 F.3d at 1552.

## II. Analysis

Defendant has proffered the following as the potential testimony that is sought to be preserved by depositions of the prospective witnesses:

> **Lina Becerra**: Ms. Becerra is the wife of Mr. Rios-Silva. Ms. Becerra was in Miami with Mr. Rios-Silva when the confidential source met with Mr. Rios-Silva in Miami, Florida, in 2014; she was also present for a dinner meeting between the CS and Mr. Rios-Silva. Ms. Becerra will testify to this meeting which corroborates Mr. Rios-Silva's testimony and provides support to his Government Authority Defense.
>
> **Milton Rios-Silva**: Mr. Milton Rios-Silva is the brother of Mr. Rios-Silva who also works in the marine industry in Colombia. He will testify to the manner of sales of boat engines and operations of Argonautica, the marine supply store operated by the defendant and the industry in general.
>
> **Willy Saenz**: Mr. Saenz is a licensed contractor/engineer and will testify as to the mining permits and applications ("Solicitud de Titulos") that properly contextualize an

2

> intercepted call that a government cooperator improperly claims was related to a narco-venture.
>
> **Gerson Rios-Silva**: Gerson Rios-Silva also works in the maritime industry and was contacted by the same confidential source who attempted to recruit him as a sub source or source for the DEA. Gerson Rios-Silva can testify to the authenticity of WhatsApp communications with that confidential source and the source's recruitment modus operandi as it bears close resemblance to interactions with the Defendant and the confidential source.
>
> **Jimena Paz**: Ms. Paz also worked with Mr. Rios-Silva and had business dealings with him concerning the mining venture that is the true subject of the intercepted phone call that the government claims is evidence of a criminal conspiracy.

(Doc. 94 at 3-4 (emphasis added)). At the hearing, Defendant stated that he was no longer seeking a Rule 15 deposition as to Zaida Guzman. (*See id.* at 4). Therefore, the Court only considers Defendant's request as to the five remaining witnesses.

### A.   Unavailability of Witnesses

"A potential witness is unavailable . . . whenever a substantial likelihood exists that the proposed deponent will not testify at trial. In that situation, justice usually will be served by allowing the moving party to take the deposition, thereby preserving the party's ability to utilize the testimony at trial, if necessary." *Drogoul*, 1 F.3d at 1553. Here, Defendant contends that all of the potential witnesses are foreign nationals who reside in Columbia. (Doc. 94 at 2). They "do not possess U.S. visas, and should a visa not be forthcoming, these individuals would be unable to travel to the United States to testify at trial." (*Id.*). Defendant proffers that "the process to obtain a U.S. visa is approximately 2 years if the witnesses began the

3

process now." (*Id.*). At the hearing, the Government advised the Court that Lina Becerra, Defendant's wife, may be in the process of obtaining a visa to travel to the United States. If she receives a visa, there may be no need for a Rule 15 deposition. However, based on the parties' representations and the record before the Court, there is no evidence that Ms. Becerra is presently available to testify. Therefore, the Court finds that this first factor weighs in favor of granting the motion as to all witnesses. *See Ramos*, 45 F.3d at 1523 ("[A] substantial likelihood of unavailability can be found when the proposed deponent is beyond the subpoena powers of the United States and has declared his unwillingness to testify at trial.").

### B.     Materiality

The materiality of a witness's testimony may be received by proffer. *Ramos*, 45 F.3d at 1523. "Such a proffer may be made by several means including affidavit, proffered testimony, or calling a witness to the stand; at the very least, the proffer must alert the district court to the substance of the evidence that is at peril of being excluded." *Id.* At the hearing, the Government made no objection as to the materiality of any witness's proffered testimony but reserved the right to object to the admissibility of said testimony at trial. Here, the Court finds that it can accept Defendant's counsel's proffer, and that the proffered subjects of testimony are sufficiently material to this case that the second factor weighs in favor of granting the motion. *See id.* ("[M]aterial is a term of art that means *material to the party moving to depose*.").

4

### C. Countervailing Factors

With unavailability and materiality weighing in favor of granting the motion, the Court turns to whether countervailing factors outweigh those considerations such that the Court should disallow the depositions. *Drogoul*, 1 F.3d at 1554. Here, the Government does not oppose the motion, (Doc. 94 at 8), and raised no countervailing factors at the hearing. Additionally, Defendant waives his right to be present at the taking of these depositions under Rule 15(c).[1] (*Id.* at 4). Therefore, the Court finds no apparent countervailing factors that would warrant denying the motion.

## III. Conclusion

The Court finds that Defendant has met his burden of demonstrating exceptional circumstances in that Lina Becerra, Milton Rios-Silva, Willy Saenz, Gerson Rios-Silva, and Jimena Paz are all unavailable prospective witnesses and could provide materially relevant testimony in this case. No countervailing factors caution against allowing Defendant to preserve those witnesses' testimony under Fed. R. Crim. P. 15.

Accordingly, the Court **ORDERS** as follows:

1. Defendant's Unopposed Motion to Take Foreign Depositions and Incorporated Memorandum of Law (Doc. 94) is **GRANTED**.

---

[1] Defendant confirmed his waiver on the record at the hearing on January 25, 2023.

2. Under Fed. R. Crim. P. 15, Defendant is authorized to take the depositions of Lina Becerra, Milton Rios-Silva, Willy Saenz, Gerson Rios-Silva, and Jimena Paz.

3. Should counsel intend to use Court resources to help facilitate the taking of these depositions, counsel should call the Courtroom Deputy Clerk, Fabiana Nicastri, at (813) 301-5612, for assistance.

4. If a party requests that the presiding United States District Judge preside over the depositions, the party should file an appropriate motion requesting such relief.

**DONE AND ORDERED** in Tampa, Florida on January 25, 2023.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties