UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 21-CR-286-JSM-MRM

**UNITED STATES OF AMERICA,**

*Plaintiff,*

**v.**

**JUAN GABRIEL RIOS-SILVA,**

*Defendant.*
_____/

## DEFENDANT'S MOTION FOR BILL OF PARTICULARS AND MEMORANDUM OF LAW

COME NOW the Defendant, JUAN GABRIEL RIOS SILVA, who by and through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 7(f), and files this Motion for a Bill of Particulars seeking an Order directing the Government to supply the following particulars in reference to the superseding Indictment filed in the above-captioned case:

## BRIEF PROCEDURAL POSTURE

1. On July 30, 2021, the government sought an arrest warrant for the defendant on a Criminal Complaint alleging that Mr. Rios sold boat motors and/or a boat engine that was ultimately used on a vessel to transport narcotics by its end user. Mr. Rios was

arrested after arriving in Miami, Florida on a commercial flight for vacation on July 31, 2021.

2. On August 25th, 2021 the Grand Jury returned a true bill on the government's request that Mr. Rios-Silva be indicted (1 count) for a violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, while upon the high seas on board a vessel subject to the jurisdiction of the United States.

3. On February 27, 2023 and March 9, 2023 undersigned counsel and the government conducted Rule 15 depositions in Cali, Colombia. Shortly thereafter (6 days later), the government filed a superseding Indictment on March 15, 2023 adding one of the defense's witnesses as a codefendant to Count 1.[1]

4. The superseding Indictment also added an additional Count of Money Laundering against Mr. Rios-Silva in Count 2. *See*, superseding Indictment [D.E. 1051].

5. As to Count Two, charging a Conspiracy to Commit Money Laundering, a violation of 18 U.S.C. § 1956231(a)(3), Mr. Rios-Silva needs to know the specific conduct, act(s), date(s), transaction(s), or his specific role in the conspiracy that the government alleges form the basis of the charges against him.

---

[1] The defense witness, now codefendant, is the brother of Mr. Juan Rios-Silva who has a marine supply business in Colombia that testified on behalf of Juan Rios Silva.

## MEMORANDUM OF LAW

## STANDARD OF REVIEW

Denial of a motion for a bill of particulars is reviewed under an abuse of discretion standard. *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017); *U.S. v. Maurya*, 25 F.4th 829, 837 (11th Cir. 2022). The determination as to whether a bill of particulars should be provided is within the discretion of the trial court. *United States v. Butler*, 822 F. 2d 1191 (D.C. Cir. 1987).

## ARGUMENT

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon the motion of a defendant. The Eleventh Circuit has noted that a bill of particulars serves three purposes: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (citations omitted). However, a defendant cannot successfully move for a bill of particulars in order "to force the government into divulging its prosecution strategy." *United States v. Maurya*, 25 F.4th 829, 838 (11th Cir. 2022). Nor should a bill of particulars "be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy." *United States v. Rosenthal*, 793

F.2d 1214, 1227 (11th Cir. 1986).

In an indictment for conspiring to commit an offense in which the conspiracy is the "gist" of the crime, it is "not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy or to state such object with the detail which would be required in an indictment for committing the substantive offense." *Wong Tai v. United States*, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927) (citations omitted). The Eleventh Circuit has held that to sustain a conspiracy conviction under 18 U.S.C. § 1349,3 the Government must prove that "(1) a conspiracy existed; (2) the defendant knew of it; and (3) the defendant knowingly and voluntarily joined it." *United States v. Moran*, 778 F.3d 942, 960 (11th Cir. 2015) (quoting *United States v. Vernon*, 723 F.3d 1234, 1273 (11th Cir. 2013)).

The operative indictment in this matter does not contain sufficient information to inform Mr. Rios-Silva of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, or to enable him to plead double jeopardy in the event of a later prosecution for the same offense. The superseding Indictment in this matter does not explain how any of the alleged conspirators or conspirators worked together to accomplish the single conspiracy charged in Count 2 of the indictment. The superseding Indictment does not provide the names of the alleged coconspirators, the time frame of the conspiracy, or the specific offense conduct of each/any other co-conspirator. Further, the superseding Indictment does not

4

indicate the role, act(s), dates of any acts or transactions, or any allegations of the specific conduct of Mr. Rios-Silva that somehow forms the basis of his participation in a conspiracy "to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity." *See*, superseding Indictment, [D.E. 105].

Additionally, the superseding Indictment does not indicate the role, act(s), dates of actions and/or transactions, or any allegations of the specific conduct of Mr. Rios-Silva that somehow forms the basis of his participation in a conspiracy "to transport, transmit, transfer, and attempt to transport, transmit, and transfer, transfer monetary instruments and funds involving the proceeds of specified unlawful activity, …knowing that said monetary instruments and funds represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer is designed in whole or in part to conceal and disguise the nature, location, the source, the ownership, and the control of the proceeds of a specified unlawful activity." *See*, superseding Indictment, [D.E. 105].

The Eleventh Circuit has explained that an indictment that tracks the language of the statute is sufficient "as long as the language sets forth the essential elements of the crime." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983); **however**, an indictment that follows the statute is nevertheless insufficient if it fails to sufficiently apprise the defendant of the charged offense. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). Thus, even if an indictment tracks the language of the criminal

5

statute, it still must include enough facts and circumstances to inform the defendant of the specific offense being charged. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). This is necessary "not only to give the defendant notice as guaranteed by the [S]ixth [A]mendment, but also to inform the court of the facts alleged to enable it to determine whether the facts are sufficient in law to support a conviction." *See Belt v. United States*, 868 F.2d 1208, 1211 (11th Cir. 1989).

Here, even looking beyond just the four corners of superseding Indictment, the government recently provided (on May 22, 2023) Eleven (11) CD ROM discs containing thousands of bank records that presumably relate to the offense of money laundering as charged in the newly added Count 2 of the superseding Indictment. This literal dump of records contains nothing more than thousands and thousands of bank transactions relating to bank accounts in Colombia from accounts in the defendant's name or businesses that he was involved in. Undersigned counsel has not received a single FBI form 302, DEA form 6, written summary, or any other investigative report, or report of interview that sheds even a speck of light on: 1) relevant transactions, 2) dates of transactions, 3) specific conduct of Mr. Rios-Silva in the charged conspiracy, 4) specific act(s) that form the basis of Mr. Rios-Silva's criminal involvement in the conspiracy, 6) dates of any specific criminal act(s), 7) the identity of any coconspirators, or 8) the amount of funds allegedly laundered. The specific information requested is not an attempt to uncover the government's strategy, but is merely an attempt to obtain a scintilla of the alleged conduct/transactions/dates that would allow for trial preparation.

**CONCLUSION**

In sum, undersigned counsel and Mr. Rios-Silva are incapable of preparing for, and minimizing surprise, at trial. Further, the lack of precision does not permit the defendant to plead double jeopardy in the event of a later prosecution for the same offense.

**WHEREFORE**, it is respectfully requested that the Court grant this Motion for Bill of Particulars.

Respectfully submitted,

**PRIETO LAW FIRM**
55 Merrick Way, Suite 212
Coral Gables, FL 33134
Phone: (305) 577-3440
Fax:    (786) 971-5658
frank@frankprietolaw.com

**Local Rule 3.01(g) Certification**

Undersigned counsel has conferred with Assistant United States Attorney, Joseph Ruddy, to ascertain his position to this motion; AUSA Ruddy opposes the request for a Bill of Particulars.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **August 10, 2023,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

                                  By:    */s/Frank A. Prieto*
                                              FRANK A. PRIETO, ESQ.
                                              Florida Bar No.: 514071