UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 8:21-cr-286-JSM-TGW

JUAN GABRIEL RIOS-SILVA

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR
BILL OF PARTICULARS AND MEMORANDUM OF LAW**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response to Defendant's Motion For Bill of Particulars and Memorandum of Law.

1.  On August 14, 2023, the defendant filed the instant Motion for Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f). Doc. 122. In the Motion, the defendant asserts that Count Two of the Superseding Indictment charges a Money Laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h).

2.  The defendant alleges Count Two does not adequately inform him with sufficient information to prepare his defense, minimize surprise at trial, or enable him to plead double jeopardy, including "the names of co-conspirators, time frame of the conspiracy and the specific offense conduct of each/any other co-conspirator." *Id*. at 4. The defendant points to eleven compact discs (CDs) provided to the defendant obtained from the Government of Colombia pursuant to a Mutual Legal Assistance Treaty (MLAT) as too voluminous to identify relevant evidence of the

charged offense. These CDs contain financial information involving the defendant, his family, including his co-defendant brother, Milton Oscar Rios-Silva, and various businesses operated by the defendant and others during the course of the conspiracy, 2004-2023.

2. Since 2004, the defendant operated a business selling maritime engines to maritime cocaine traffickers in the Tumaco and Buenaventura areas of Colombia. Numerous Transnational Criminal Organizations (TCOs) purchased countless engines from the defendant and two brothers, known collectively as "Los Papis" for drug smuggling ventures. On August 1, 2021, the defendant was arrested at the Miami International Airport on a criminal complaint. In a post-*Miranda* statement, the defendant admitted to selling engines to maritime drug smugglers since 2005, naming seven specific TCOs and admitting he knew the engines would be used for drug smuggling. The defendant further explained he charged higher prices because the engines were for illegal purposes and that most of the engines were for self-propelled semi-submersible (SPSS) vessels. In 2010, SPSS vessels were outlawed in Colombia. Finally, the defendant claimed the TCOs trusted him to transport the engines and accessories to install the engines to the SPSS build sites and received monetary bonuses. In addition to the eleven CDs, the government has also provided a sampling of reports of cooperating witness statements in which the witnesses, while corroborating the defendant's post-*Miranda* statement, expand upon the volume of engines supplied by the defendant, the amounts of money paid, and that he would also invest in drug loads in lieu of cash payments for the engines.

3. The defendant has also received financial documents in discovery, executed by the defendant, of real estate transactions which involved drug proceeds. A cooperating co-conspirator will explain that the documents reflect sales of real estate by the defendant to the co-conspirator, but placed in the name of a third-party. Additional discovery documents the defendant's purchase of three engines from a vendor in Miami, Florida in 2018-2019. This type of engine was typically sold by the defendant to TCOs for SPSS smuggling ventures. The $110,000 balance was paid over a period of eighteen months with two cash payments and two wire transfer payments.

4. Count Two of the Superseding Indictment is legally sufficient to advise the defendant of the charge, prepare his defense, minimize surprise at trial and protect against double jeopardy. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir 1986). Here, the defendant has already acknowledged he was selling engines to TCOs knowing they were to be used in illegal drug smuggling. Discovery materials show the defendant knowingly agreed to accept anticipated proceeds from the sale of cocaine in lieu of payment for the engines and that he assisted at least one TCO member with laundering drug proceeds through third-party real estate transactions.

5. The Eleventh Circuit has consistently held that a "bill of particulars may not be used to compel the government to provide essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th 1986).

WHEREFORE, the United States respectfully urges this Honorable Court to deny the motion.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Daniel Baeza*
       Daniel Baeza
       Assistant United States Attorney
       United States Attorney No. 164
       400 N. Tampa St., Ste. 3200
       Tampa, FL 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: Daniel.Baeza@usdoj.gov

U.S. v. Juan Gabriel Rios-Silva          Case No. 8:21-cr-286-JSM-TGW

### CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023 a true and correct copy of the foregoing document by using the CM/ECF system with the Clerk of Court, to the following:

Counsel of Record

                                               */s/ Daniel Baeza*
                                               Daniel Baeza
                                               Assistant United States Attorney
                                               United States Attorney No. 164
                                               400 N. Tampa St., Ste. 3200
                                               Tampa, FL 33602-4798
                                               Telephone: (813) 274-6000
                                               Facsimile: (813) 274-6358
                                               E-mail: Daniel.Baeza@usdoj.gov