UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**          CASE NO. 8:21-cr-286-JSM-SPF
    *Plaintiff,*
**v.**

**JUAN GABRIEL RIOS-SILVA,**
    *Defendant.*
_____/

**DEFENDANTS MOTION TO DISMISS
INDICTMENT DUE TO SPEEDY TRIAL VIOLATION**

**COMES NOW** the Defendant, JUAN GABRIEL RIOS SILVA, by and through undersigned counsel, and moves this Honorable Court to dismiss the Indictment and Superseding Indictment herein due to a violation of Rule 5, Federal Rules of Criminal Procedure, the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment to the United States Constitution. for the United States' failure to comply with the Speedy Trial Act. In support of his motion, Mr. Rios-Silva states:

**PROCEDURAL HISTORY**

On July 30, 2021, the Defendant was charged by way of a complaint with one count of conspiring to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70606(a) [ECF No. 100] He was arrested on

1

August 2, 2021. [ECF No. 2][1] He was detained and has been held in federal custody since. [ECF No. 10] On August 25, 2021, the Defendant was charged by way of indictment with one count of knowingly and intentionally conspiring with other persons with intent to distribute a controlled substance involving five kilograms or more of cocaine while upon the high seas on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). [ECF No. 17]

On September 15, 2021, the Defendant was arraigned before Magistrate Judge Sean Flynn. [ECF No. 24] Trial was set for November 1, 2021. [ECF No. 25] On October 8, 2021, the court granted Defendant's Motion to Extend Pretrial Motions and Notices, extending the deadline to October 20, 2021. [ECF No. 31] On October 21, 2021, Defendant filed an unopposed motion to continue trial, which this Honorable Court granted; this case was placed on the January 22 trial docket. [ECF No. 32] On December 22, 2021, trial was set for January 10, 2022. [ECF No. 36] On this same day, the Defendant filed a request to continue trial, which this Honorable Court granted; trial was set to commence on March 22, 2022. [ECF No. 38] On February 14, 2022, trial was set for a date certain of February 28, 2022. [ECF No. 42]

Also, on February 14, 2022, the Defendant filed a request to continue trial; this Court granted a hearing on the motion. [ECF No. 44, 45] On February 18, 2022, the Defendant appeared in person before Judge Moody, [ECF Nos. 46,47], and the court

---

[1] The Defendant asserts that he was actually arrested on August 1, 2021, in Miami, Florida, at the Miami International Airport.

granted the Defendant's Unopposed Motion to Continue Trial Date (60 Days) [ECF No. 44], with trial set to commence on November 30, 2022. On March 4, 2022, Defendant requested an extension of time in order to file a waiver of speedy trial. [ECF No. 48] On March 7, 2022, the court granted the Defendant's Motion to Extend Time to File Waiver of Speedy Trial. [ECF 49] On March 10, 2022, the Defendant filed a motion for *Brady* materials. [ECF No. 50]

Thereafter, this Honorable Court held a status conference on March 16, 2022, and directed the United States to respond to the *Brady* motion. [ECF No. 56] The United States responded on March 5, 2022, and this Court held a hearing on April 26, 2024. [ECF No. 60]  This Honorable Court tentatively set trial for November 2022 And excluded the time in between in the interest of justice. [ECF No. 63] The time from April 26, 2022, to November 30, 2022, was excluded under 18 U.S.C. § 3161(h). *Id*. On July 7, 2022, in response to the parties' filings regarding Defendant's defense of public authority (ECF Nos. 33, 64, 66), this Court ordered the defense to be heard at the beginning of trial. [ECF No. 66] On November 4, 2022, the court granted Defendant's Unopposed Motion for Extension of Time as to the Defendant's filing of Waiver of Speedy Trial extended to November 8, 2022. (ECF 83)

On November 8, 2022, the Defendant filed a waiver of speedy trial from October 31, 2022, through January 31, 2023. [ECF No. 84] On December 21, 2022, the court granted a joint Motion to Continue Trial and set trial to commence on April 3, 2023. [ECF Nos. 92, 93]

3

On January 5, 2023, Defendant filed Unopposed Motion to Take Deposition and the court set hearing on the motion to January 17, 2023. [ECF Nos. 94, 95] On January 25, 2023 the court granted the Defendant's Unopposed Motion to Take Foreign Depositions. [ECF No 100) There were originally five witnesses. Three were deposed. One was indicted. For obvious reasons, no further depositions were conducted.

On January 25, 2023 the Defendant filed Waiver of Speedy trial through April 28, 2023 (ECF 101) On March 9, 2023 the government took Rule 15 Deposition of essential witness Milton Rios. Thereafter, on March 15, 2023 the government filed a superseding indictment charging the Defendant and his brother with violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) conspiracy to possess with intent to distribute a controlled substance, which violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance while upon the high seas on board a vessel subject to the jurisdiction of the United States (Count I) and Conspiracy to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine a Schedule II controlled substance while upon the high seas on board a vessel subject to the jurisdiction of the United States in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (Count II)

On May 5, 2023, the Defendant filed a waiver of speedy trial from April 3, 2023 through November 30, 2023. [ECF No. 117] On December 20, 2023, this Honorable Court held a Status conference where the government requested the trial to be continued pending co-defendant Milton Orlando Rios-Silva's extradition from Colombia to the United States. The government argued that the Defendant's trial should be continued to conserve judicial resources and conduct trial for both defendants at the same time. [ECF No. 150] On December 29, 2023, over the Defendant's objection, this Honorable Court issued an Order to continue the trial to the January 2025 docket. [ECF No. 152] Since December 20, 2023, there have been no continuances. Mr. Rios-Silva has neither requested nor filed a waiver for a speedy trial. Mr. Rios-Silva's trial should have commenced on Monday, March 18, 2024, or no later than 70 days from January 8, 2024, trial date. The 70-day period allowed for trial under the Speedy Trial Act ran on Monday, March 18, 2024.

## MEMORANDUM OF LAW

I. **Dismissal is appropriate for violation of Statutory Speedy Trial Act, 18 U.S.C. § 3161.**

Dismissal of the indictment against Mr. Rios-Silva is mandated due to violations of the Speedy Trial Act, as the government has exceeded the 70-day statutory period without justification, contravening the clear directives of 18 U.S.C. §§ 3161 et seq.

The Speedy Trial Act, detailed in 18 U.S.C. §§ 3161 et seq., mandates a trial commence within 70 days from the date of the indictment or the defendant's first appearance. Delays can be excluded from this period under specific conditions such as witness unavailability, outlined in 18 U.S.C. § 3161(h)(3)(A), provided there is substantial justification. Delays that blatantly offend the purpose and spirit of this Act, such as those without documented activity or justification from the prosecution, are likely to be deemed substantial. *See United States v. Montecalvo*, 861 F. Supp. 2d 110 (E.D.N.Y. 2012).

With regard to the Speedy Trial Act, 18 U.S.C. § 3161, the Speedy Trial clock in this case commenced upon the defendant's first appearance in front of Magistrate Judge Wilson on August 2, 2021. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act commences "from the filing date the defendant (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which date last occurs." *United States v. Wilkerson*, 170 F.3 1040, 1042 (11th Cir. 1999) (§ 3161(c)(1) is interpreted according to its plain language)

Portions of the time that has passed since August 2, 2021, are excludable time under the statute. *See* 18 U.S.C. § 3161(h)(1)(D) (any time period resulting from proceedings including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded when computing time under the Speedy Trial Act). The Defendant has filed motions *in limine,* and the United States has responded.

Nevertheless, the Speedy Trial Act was still violated as not all time was excluded under the Speedy Trial Act.

> **II. Dismissal is appropriate for violation of Constitutional Speedy Trial under the Sixth Amendment.**

With regard to the defendant's Sixth Amendment speedy trial claims, those claims are measured from the time of arrest or indictment, whichever occurs first. The defendant was arrested on August 1, 2021, in Miami. [ECF No. 2] Two years, ten months, and three days have passed since that time. Delays in bringing a defendant to trial do not ordinarily trigger a detailed analysis until such delays rise to the level of a "presumptively prejudicial" delay (typically considered by courts to be approximately one year). *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992); *United States v. Hatcher*, 300 Fed. Appx. 659, 662 (11th Cir. 2008) ("Delays exceeding one year are generally found to be 'presumptively prejudicial.'"); *see also United States v, Cooke*, 853 F.3d 464, 474 (8th Cir. 2017) (267-day period between arrest and trial not presumptively prejudicial); *United States v. Clarke*, 83 F.3d 1350, 1352 (11th Cir. 1996) (seventeen-month delay was presumptively judicial); and *United States v. Carruthers*, 458 Fed. App'x 811, 817 (11th Cir. 2012) (delay of more than two years was presumptively prejudicial).

If the defendant is not brought to trial within one year from the issuance of the indictment, an analysis of the factors relevant to constitutional speedy trial violations pursuant to the test laid out in *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972), may be triggered. Under *Barker*, a court analyzing a constitutional speedy trial claim is to

consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530. The *Barker* test requires an assessment of each of these factors and a balancing of the factors against one another. *Id*.

    A. *Length of the Delay*

On October 27, 2023, the United States and Mr. Rios-Silva jointly moved for a continuance and trial date certain of January 8, 2024, which this Honorable Court granted. However, on December 29, 2023, Mr. Rios-Silva's trial was set for trial in January 2025 over Mr. Rios-Silva's objection. [ECF No. 150] Utilizing the January 8, 2024, date certain to present, 148 days is well past the 70-day statutory timeline to bring Mr. Rios-Silva to trial. Utilizing the January 2025 date, it will be 360 days. Both are "substantial delays," as recognized by *United States v. Crittenden*, No. 4:20-CR-7 (CDL), 2020 U.S. Dist., and *United States v. Bell*, 546 F. Supp. 3d 1136 (S.D. Fla. 2021). This scenario mirrors the concerns raised in *United States v. Taylor*, 487 U.S. 326 (1988), which emphasizes the necessity of strict adherence to statutory timelines.

This factor weighs heavily in favor of the defendant.

    B. *Reasons for Delay*

        A. **Co-Defendant's Presence Is Not Required for Prosecution**

The request for a delay of trial for any period of time pending extradition of a co-defendant, who happens to be the brother of the defendant who joined the superseding indictment only after the defendant sought his deposition, is improper.

Mr. Milton-Rios, the co-defendant, was indicted on March 15, 2023, two years, one month, and sixteen days after the defendant. [ECF No. 105] The United States clearly believed they had sufficient evidence and proof, including witness testimony, to bring federal charges against the defendant separate and apart from Mr. Milton-Rios. "[T]he length of delay that will provoke … an inquiry is necessarily dependent upon the peculiar circumstances of the case" *See Barker*, 407 U.S. 530-31.

The United States does not yet have jurisdiction of, and authority over, Mr. Milton-Rios, and the United States may never. Colombia has not yet approved extradition and permitted the prosecution of. He currently has no legal rights on this docket. Colombia has to grant jurisdiction of Mr. Milton-Rios; they have not.

The current sitting president of Colombia, President Gustavo Petro, has publicly stated and upheld the internal Colombia policy that he will not permit the extradition of drug traffickers who comply with Colombian surrender conditions.[2]

---

[2] "Drug traffickers who do not negotiate with the state will be extradited, drug traffickers who negotiate with the state and re-offend will be extradited without any kind of negotiation to the United States," Petro told journalists after a bilateral meeting with visiting Spanish President Pedro Sanchez. . . Drug traffickers who negotiate legal benefits with the Colombian state and definitively stop being drug traffickers will not be extradited," he said. Reuters, "Colombia will not extradite criminals who fulfill deals with gov't -Petro," (Aug. 24, 2022), available at https://www.reuters.com/world/americas/colombia-will-not-extradite-criminals-who-fulfill-deals-with-govt-petro-2022-08-24/ (last visited May 15, 2024). *See also*, Columbia Journal of Transnational Law, A New Era for U.S.-Colombia Extradition Policy? Only Time Will Tell, available at https://www.jtl.columbia.edu/bulletin-blog/a-new-era-for-us-colombia-extradition-policy-only-time-will-tell (last visited May 15, 2024).

Mr. Milton-Rios has done so; his extradition pends and may never actually occur. Colombian President Gustavo Petro is serving a four-year term that concludes in 2026.

This factor weighs heavily in favor of the defendant.

## B. Witness Testimony can be Secured

Any claim for delay of unavailability of essential witnesses will also fail. Without evidence of due diligence to secure witnesses' timely presence, such as explored in *United States v. Fonseca*, No. 22-13152, 2023 U.S. App., and *United States v. McLester*, No. 1:21-CR-00188-MHC-LTW, 2023 U.S. Dist., the United States' reason for delay due to essential witnesses will not suffice. The requirement for due diligence is critical, as emphasized in *United States v. Kelly*, No. 21-10351, 2021 U.S. App.

If the United States is seeking testimony from Mr. Milton-Rios, who is unavailable, they already have it. He was deposed. It was on this basis that they indicted him. What more can he provide? Nothing. Why should the original defendant, Mr. Rios-Silva, not have a speedy trial to which he is constitutionally entitled to? The United States can indict and add individuals forever; Mr. Rios-Silva could literally be in suspense forever.

### I. Coast Guard Witness Testimony and Colombia Witness Testimony Can be Compelled

The United States Coast Guard and Colombian Navy can be voluntarily available for trial or subpoenaed. It is routinely done in the Middle District of Florida all the time. A Coast Guard member can be made available within approximately 36-48 hours, even if on patrol. United States has failed to provide evidence that members of the Coast Guard are unavailable for any length of time let alone an entire year; federal subpoenas to testify at trial take precedence over training, personal vacations, and deployments; Coast Guard members can still comply with a subpoena to testify even if on deployment and are able to travel to and from the nearest port call during the deployment. Further, Coast Guard members are replaceable on deployment. No one member is the sole individual responsible for anything on a Coast Guard Cutter; someone else can fill in when a member needs to return to land during a deployment or not deploy at all.

Additionally, the Coast Guard holds multiple training evolutions throughout the year. It is routine and normal for members to move their training dates due to the Coast Guard's needs. This is an insufficient reason to provide a witness necessary to a federal trial, particularly when the witness is allegedly a witness with alleged information that was utilized in federal prosecution.

The United States has failed to provide proof of due diligence to secure these witnesses' timely presence as none exists. This factor weighs heavily in favor of the defendant.

C. *Defendant's Assertion of His Right:* The defendant asserted his right to speedy

trial. [ECF No. 150] Over his objection, trial was set for January 2025. This factor weighs heavily in favor of the defendant. *See United States v. Villarreal,* 613 F.3d 1344, 1355 (11th Cir. 2010) (failure to assert speedy trial right where defendant knew of his pending charges weighed heavily against defendant) (quoting *Barker*, 407 U.S. at 532).

    D. *Prejudice to the Defendant:*

The fourth and final factor in the analysis is prejudice to the defendant. *Barker*, 407 U.S. at 532. The prejudice may include "oppressive pretrial incarceration," the "anxiety and concern of the accused," and "the possibility that the defense will be impaired." *Id*. The most serious consideration is the last consideration. *Id*.

The defendant has been oppressively incarcerated for two years, ten months, and three days. He was arrested the moment he landed on United States soil and has been incarcerated ever since.

This case allegedly involves the defendant knowingly selling engines to drug traffickers who then utilized their engines to move and traffic drugs. As this Honorable Court is aware, the defendant asserts that he worked for someone posing as a Drug Enforcement Administration (DEA) federal agent named Sharkey. [ECF No. 33] The United States is well aware of the defendant's defense and the defendant has provided evidence that supports the defendant's position. The *Brady* and *Giglio* evidence provided in this case confirms the defendant's assertions regarding Sharkey. It also reveals that the alleged cooperators lied about the defendant's alleged

conduct.[3] The evidence in this case cannot substantiate the charges filed by the United States and the defendant has been deprived of his ability to timely present his case and defense, and have his charges dismissed or be acquitted at trial. Again, the defendant has been incarcerated since the date of his arrest- August 1, 2021.

During the pendency of this case, Sharkey the "DEA agent" died. Sharkey's death has led to a loss of crucial testimony important for the defendant's defense. The United State' delay, coupled with Sharkey's death, has created the quintessential situation in which the defendant must establish a defense in which the passage of time has certainly impacted evidence. *Toussie v. United States,* 397 U.S. 112, 114 (1970).

Judicial precedent including *United States v. Cadet*, 521 F. Supp. 2d 1351 (S.D. Fla. 2007), and *United States v. Marshall*, 360 F. App'x 24 (11th Cir. 2010), further underscores the constitutional underpinnings of this right. Additional rulings such as *United States v. Falcon*, 957 F. Supp. 1572 (S.D. Fla. 1997), *United States v. Clark*, 83 F.3d 1350 (11th Cir. 1996), and *United States v. Hansen*, 563 F. App'x 675 (11th Cir. 2014), emphasize the seriousness of delay impacts. Moreover, *United States v. Gonzalez*, No. 22-cr-20350, 2023 U.S. Dist. LEXIS 123790 (S.D. Fla. July 18, 2023), and *United States v. Garcia*, No. 8:21-cr-0041-TPB-TGW, 2022 U.S. Dist., highlight recent applications of these principles.

---

[3] Defendant respectfully reserves the right to raise legal arguments and file motions related to the discovery in this case, including a motion to dismiss, based upon information provided pursuant to *Brady, Giglio* and in discovery.

The substantial delay, inadequate governmental explanation, clear assertion of the right to a speedy trial by Mr. Rios-Silva, and the consequent prejudice unequivocally demand the dismissal of the indictment. This decision is critical to maintaining the integrity of the judicial process and upholding Mr. Rios-Silva's constitutional rights, as reinforced by extensive case law including *United States v. Frederick*, 789 F. App'x 123 (11th Cir. 2019), and *United States v. Oliva*, 909 F.3d 1292 (11th Cir. 2018). The court must therefore set aside any judgment of conviction, vacate any sentence imposed, and dismiss the indictment in accordance with these well-established legal standards.

## II.   Failure of the Government to give written notice of position.

The Speedy Trial Plan provides that,

> At the time of the filing of a ... indictment ... described in subsection (c) above [indictment dismissed on motion of the United States Attorney], the United States Attorney <u>shall</u> give written notice to the Court of that circumstance and of the United States Attorney's position with respect to the computation of the time limit.

Speedy Trial Plan at II(E)(6)(d), page 9 (emphasis added).

The United States did not comply with that mandatory requirement and thus has failed to provide the Court with the mandatory guidance required. Moreover, it appears the United States assumes the Speedy Trial clock did not start. It has. Such a mistake of law, even if out of ignorance or negligence, does not suffice to militate in favor of a dismissal without prejudice, given the substantial delay inherent in this case. See *United States v. Russo*, 741 F.2d 1264, 1268 (11th Cir. 1984) ("where the violation is substantial, a negligent failure to comply with the act will not suffice";

14

"the government's failure to do so in this case was either plain ignorance or … 'simple negligence.'")

### A. Government's Notice of Unavailability of Essential Witnesses Fails

The unavailability of government witnesses for an extended period, as stated in the Government's Notice of Unavailability (ECF 140) fails to substantiate and justify delay.

Under the Speedy Trial Act, 18 USCS § 3161, any delay must be reasonably necessary, and the unavailability of essential witnesses can only justify an exclusion of time if it meets specific criteria for being unavoidable and unforeseen. Moreover, the court must assess if the government has shown due diligence in making these witnesses available. Rule 48 of the Federal Rules of Criminal Procedure empowers courts to dismiss an indictment if the delay is found to be unnecessary, regardless of whether it rises to the level of violating statutory or constitutional protections.

In this case, the government's notice indicates that several key witnesses, including six from the Coast Guard and one Colombian law enforcement officer, will not be available for a significant period, extending beyond the scheduled trial date. Notably, the logistics involving international coordination for the Colombian officer suggest a foreseeable delay that could have been managed more effectively. The document implies a reliance on statutory exclusions for delay but fails to convincingly demonstrate that all possible measures were taken to expedite the witnesses' availability. The government's notice, by stating these delays without

15

adequate justification of their necessity or efforts to mitigate them, infringes upon the defendant's right to a speedy trial by allowing avoidable delays to accumulate.

The government did not comply with the Speedy Trial Act's requirements to minimize delays and ensure a timely trial. The indictment should be dismissed on the basis of these unnecessary delays and the government's failure to demonstrate due diligence in securing the availability of essential witnesses, violating the defendant's right to a speedy trial.

B. **The Government executed Rule 15 deposition of essential witnesses including Milton Rios which amply prepared them to proceed to trial.**

After a motion by Mr. Rios-Silva, this Honorable Court granted the Defendant's request to conduct foreign depositions. [ECF Nos. 94-100] A Rule 15 deposition of Mr. Milton Rios was remotely conducted. Thereafter, Mr. Milton Rios was indicted and imprisoned. The United States was able to file charges utilizing information from abroad; there is no reason why a deposition or remote proceedings could not continue to occur in this case.

Federal Rule of Criminal Procedure 15 allows for the taking of depositions in federal criminal cases when there are exceptional circumstances and it is in the interest of justice to preserve testimony for trial. This rule is not intended as a discovery tool but is used primarily to ensure that crucial testimony is not lost, particularly when a witness may be unavailable for the trial due to reasons such as health, location, or other significant factors. *See United States v. Ye*, 436 F.3d 1117 (9th Cir. 2006); *United States v. Rich*, 580 F.2d 929 (9th Cir. 1978), *United States v.*

*Khan*, 794 F.3d 1288 (794 F.3d 1288 (11th Cir. 2015). The rule stipulates that the party requesting the deposition must demonstrate that the circumstances are exceptional and that taking the deposition is necessary to prevent a failure of justice. This could include situations where witnesses are in poor health, located overseas, or otherwise unable to attend the trial. The court has the discretion to determine whether the conditions for taking depositions are met, and this decision is generally made on a case-by-case basis. *See United States v. Grado*, 154 F. Supp. 878 (W.D. Mo. 1957); *United States v. Vilar*, 568 F. Supp. 2d 429 (S.D.N.Y. 2008); *United States v. O'Sullivan*, 553 F. Supp. 2d 1349 (M.D.F.L. 2008). For instance, in cases where witnesses have declared they will not testify at trial or their presence cannot be secured through due diligence, the court may find it justifiable to allow their depositions to be taken well in advance. *See United States v. Drogoul*, 1 F.3d 1546 (11th Cir. 1993). Additionally, the court may exclude the time needed to take these depositions from the speedy trial calculations if the witnesses are considered essential, further emphasizing the flexibility and importance of this provision in ensuring justice. *See United States v. Vilar*, 568 F. Supp. 2d 429 (S.D.N.Y. 2008)

    The United States had ample time to prepare for trial. The Government failed to comply with the requirements of the Speedy Trial Act and the deadline has expired dismissal is appropriate.

**C. Dismissal with prejudice is the appropriate sanction.**

17

In determining whether to dismiss the indictment with prejudice or without prejudice, 18 U.S.C. § 3162 (a)(2) provides that the Court shall consider the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case, which led to the dismissal; and (3) the impact of a reprosecution on the administration of this chapter and on the administration of justice. *See also Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972).

In order to prevent abuses of the Speedy Trial Act, the Eleventh Circuit requires a showing of some "affirmative justification" by the Government to warrant a dismissal without prejudice. *See United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984); *see also United States v. Mitchell*, 374 F. App'x 859, 864 (11th Cir. 2010). "Because the prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner . . . the burden is on the prosecution to explain the cause of the pre-trial delay." *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006). Unless and until the Government makes such a showing, this cause should be dismissed with prejudice.

## CONCLUSION

**WHEREFORE,** the Defendant, JUAN GABRIEL RIOS-SILVA, for the foregoing reasons, respectfully requests this Honorable Court enter its order dismissing the indictment with prejudice in the above cause, pursuant to the mandatory

provisions of the Speedy Trial Act, and the Fifth and Sixth Amendment Right under the United States Constitution.

Respectfully submitted,

*s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 694-7780

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

*s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 694-7780
