UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:21-cr-286-JSM-NHA

JUAN GABRIEL RIOS-SILVA

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant's Motion to Dismiss on speedy trial grounds is without merit and should be denied. Its central premise, that he did not agree to the Court-granted continuance of this case to the January 2025 trial term and that he has suffered actual prejudice, does not render the Court's finding a violation of Rios-Silva's right to a speedy trial under 18 U.S.C. § 3161(h)(6). Nor does the plain language of § 3161(h)(6) afford the defendant the relief he seeks because the Court has not granted, and the defendant not sought, a severance. In any event, the remedy requested is drastic and unsupported in the record and circuit precedent.

## Factual and Procedural Background

The Rios-Silva brothers were longtime suppliers of engines to drug smugglers, and used their business, Agronautica, as a front for their illicit operations. The evidence of this is anticipated to be supported through documents, recordings, Coast Guard interdictions, and at least a dozen cooperating defendants who personally dealt with the defendants. From the early 2000s until the defendant's arrest in 2021,

Rios-Silva engines were supplied to traffickers in the smuggling of tens of thousands of kilograms of cocaine.

The United States Coast Guard interdicted several of the vessels associated with these traffickers, and several of those traffickers are anticipated to testify that the Rios-Silva brothers, also known as "Los Papis," supplied the engines on those vessels. Based on the amount of cocaine involved in the conspiracy, the duration of the conspiracy, and the defendant's role, the United States anticipates that Juan Rios-Silva's advisory guideline range will be life imprisonment and will therefore seek a life sentence for Juan Rios-Silva if convicted at trial.

The defendant was arrested in the United States pursuant to a criminal complaint on August 1, 2021. He was indicted later that month and arraigned on September 15, 2021. Doc. 24. The Court granted its first of many continuances in this case on October 22, 2021. Doc. 32. To date, the only period of time on the docket that does not appear to be excluded is September 15-October 21, 2021.

A superseding indictment that included Milton Rios-Silva was returned on March 15, 2023. Doc. 105.

### The Continuance to January 2025

Rios-Silva's codefendant (and brother) was arrested pursuant to a provisional arrest warrant on the superseding indictment in this case on or about November 16, 2023. The United States made a formal request for extradition in compliance with its

treaty with Colombia. Milton Rios-Silva is now undergoing extradition proceedings in Colombia. This process takes at least a year.[1]

The parties were set to begin trial in January 2024, and the United States notified the Court on November 20, 2023, that its preference was to try both defendants together but that it would be prepared to proceed with trial on January 8, 2024. Absent stipulations, a trial would have required the coordination of Coast Guard witnesses stationed at domestic and foreign posts, transport of cooperating defendants from within the respective custodies of the Bureau of Prisons and U.S. Marshals Service, and the travel of a DEA agent currently stationed in Paris.

After hearing arguments, including the objections of former counsel for the defendant, the Court continued trial in this case to the January 2025 trial term. Doc. 152. In so doing, the Court agreed with the United States that a continuance was warranted "pending the extradition of the co-defendant, in order to conserve judicial resources and conduct trial for both defendants at the same time." *Id*. at 1. The Court further found that § 3161(h)(6) applied. *Id*. at 2.

### Defendant's Motion to Dismiss

Over five months after the Court continued the trial in this case, Juan Rios-Silva filed a motion seeking dismissal of the indictment. Doc. 160. In support, he

---

[1]    To facilitate the defense's preparation in this case the United States and counsel for Milton Rios-Silva filed a joint motion for a protective order that would permit production of discovery to defense counsel while his client awaited extradition from Colombia. Counsel for Milton Rios-Silva indicated resolving this case short of a trial; however, the parties are nowhere near reaching a resolution. In any event, Milton Rios-Silva is yet to even have an initial appearance in federal court on this case and it should be presumed that he will first enter a plea of not guilty once he is brought to the United States.

argues that his speedy trial rights were infringed to a degree that he suffered actual prejudice such that the indictment must be dismissed with prejudice. Much of that motion, however, is not central to the Court's rationale in tolling the speedy trial clock until January 2025, and does not merit further consideration. For example, a reference to unavailable witnesses was a factor in scheduling a trial date prior to the latest continuance, but is not a salient factor to challenge the Court's rationale for the current tolling period. *See id*. at 10-11. The issue before the Court is whether excluding the time for Juan Rios-Silva's right to a speedy trial was reasonable when his co-defendant's speedy trial rights had not run.

## **ARGUMENT**

### I.    The Court's Finding That The Ends Of Justice Merit A Continuance of the Trial Was Not An Abuse of Discretion

The Speedy Trial Act excludes a defendant's time to trial for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "There is a strong preference for trying codefendants together as it promotes judicial efficiency by avoiding successive trials involving the same evidence." *United States v. Khoury*, 901 F.2d 948, 972 (11th Cir. 1990); *see also United States v. Varela*, 692 F.2d 1352, 1359 (11th Cir. 1982) (discussing Congressional preference of joint trials over a severance where the criterion was just the passage of time).

A defendant may be deprived of his right to a speedy trial based on: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) actual prejudice to him. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). To show actual prejudice, a defendant must demonstrate (1) oppressive pretrial incarceration, (2) his own anxiety and concern, or (3) the possibility that his defense was impaired because of the delay. *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003). Of these three conditions, the latter is the most significant and central to the defendant's argument. An impairment of a trial defense "may be demonstrated through the death or disappearance of a witness or by a <u>defense</u> witness's inability to 'recall accurately events of the distant past.'" *United States v. Machado*, 886 F.3d 1070, 1082 (11th Cir. 2018) (quoting *Barker*, 407 U.S. at 532). Mere conclusory allegations are insufficient to establish actual prejudice. *United States v. Hayes*, 40 F.3d 362, 366 (11th Cir. 1994).

Speedy trial findings are a mixed question of fact and law. *United States v. Villareal*, 613 F.3d 1344, 1349 (11th Cir. 2010). The Court's factual findings are reviewed for clear error and the legal conclusions *de novo*. *Id*. A factual finding is clearly erroneous only if, after review, an appellate court is left with "the definite and firm conviction that a mistake has been committed." *Id*.

The Eleventh Circuit addressed delays resulting from an absent codefendant in *United States v. Tobin*. 840 F.2d 867, 869 (11th Cir. 1988) (citing *United States v. Pena*,

793 F.2d 486 (1986)).[2] In that case, there was a delay of eight months and ten days to permit the apprehension of a codefendant. In affirming the reasonableness of the delay, the *Tobin* Court applied two different analyses. *Tobin*, 840 F.2d at 870. First, based on the "totality of circumstances prior to trial" the delay was necessary to achieve its purpose. *Id.* The second approach is "whether the delay caused actual prejudice to the defendant…." *Id.* Under either lens, the delays in that case were appropriate. *Id.*

Courts have also applied the principles of § 3161(h)(6) in circumstances where there were lengthy delays in bringing all of the defendants to federal court. These principles apply with equal force when an indicted co-defendant is pending extradition. In *United States v. Murray*, an unpublished decision, the Eleventh Circuit found that a two-and-a-half-year continuance "did not amount to either a statutory or constitutional violation" of the defendants' speedy trial rights where delay was caused by a co-defendant who fought extradition from Canada. 154 F. App'x 740, 746 n. 8 (11th Cir. 2005); *see also United States v. Parga-Rivas*, 689 F. Supp. 2d 25, 28 (D.D.C. 2009) ("[T]he desirability of trying the co-defendants together—with its concomitant savings of trial preparation time, witness time, foreign travel, court time, and jurors' time—made it quite reasonable to await the arrivals of the remaining two defendants. This circumstance falls directly into the Speedy Trial Act exception."). Because the co-defendant had not appeared before a judge when the

---

[2]    *Tobin* and *Pena* analyzed the legislative history of subsection (h)(7), which was redesignated to (h)(6) in 2008. Judicial Administration and Technical Amendments Act of 2008, PL 110-406, Oct. 13, 2008, 122 Stat. 4291.

defendants' trial began, the 70-day clock never began to run. *Murray*, 154 F. App'x at 746 n. 8.

The Court correctly agreed that the period awaiting Milton Rios-Silva's extradition falls within the "reasonable period of delay" described in § 3161(h)(6). In the absence of favorable case law that the delay in the current case is unreasonable, the defendant must show actual prejudice, but that too is lacking here. In support of his actual prejudice claim, Juan Rios-Silva asserts that he acted under public authority when he worked for someone posing as a federal agent named "Shakey." Doc. 160 at 12; *see also* Doc. 33.[3] Though he is correct that "Shakey" is indeed dead, this was not recent. "Shakey" has been dead for some time—August 17, 2022, to be exact—and certainly not during the pendency of proceedings after the Court continued the trial to January 2025. In any event, the Court has already ruled on the defendant's assertions of public authority and entrapment by estoppel. Both of those were already denied in December 2022; however, the defendant is permitted to use an innocent intent defense. Doc. 89. In other words, the stated grounds for actual prejudice are about the death of a potential defense witness that occurred about twenty-two months ago and a ruling on the applicability of a defense related to that death about eighteen months ago.

The assertion of actual prejudice is not supported in the record, the Court has not granted a severance to Juan Rios-Silva, and the caselaw supports that the

---

[3]    Though denoted as "Sharkey" in the defendant's filings, the individual's alias was "Shakey" and will be referred to as such.

continuance was reasonable. Moreover, by producing discovery to counsel for Milton Rios-Silva before even being extradited, the parties are mitigating further potential prolonging of the criminal proceedings pending against the defendants.

## II.    Dismissal With Prejudice Is An Extreme Remedy

Dismissal of an indictment with prejudice is a punitive action reserved for serious transgressions of a defendant's speedy trial rights. In making such a determination the Court must consider three factors: (1) the seriousness of the offense; (2) the facts and circumstances that led to the dismissal of the indictment; and (3) the effect of re-prosecution on the administration of the Speedy Trial Act and the administration of justice. 18 U.S.C. § 3162(a)(2). Where the district court considers all three statutory factors, its judgment 'should not lightly be disturbed' so long as the underlying factual findings are not clearly erroneous." *United States v. Wilson*, 633 Fed. Appx. 750, 753 (11th Cir. 2015) (quoting *United States v. Taylor*, 487 U.S. 326, 337 (1988)).

Assuming in the counterfactual that a violation of Juan Rios-Silva's speedy trial rights exists, the other § 3262 factors counsel against such a harsh remedy. The seriousness of Juan Rios-Silva's conduct is plain to see: if you were a Colombian drug trafficker beginning in the early 2000s, there was a good chance that your cocaine was delivered to North America on Rios-Silva engines in the aggregate of tens of thousands of kilograms. This conduct spanned for almost two decades. The second factor, which is just assumed for the sake of argument, is because the Court granted a continuance that the defendant does not believe should have been granted.

*E.g.*, Doc. 160 at 5 ("Mr. Rios-Silva's trial should have commenced on Monday, March 18, 2024, or no later than 70 days from [the] January 8, 2024[] trial date.") The third statutory factor centers on the scope of the delay. Here, that delay would be about 2.5 months, because the motion argues that the defendant's speedy trial rights ran on Monday, March 18, 2024, and because the filing of the current motion is also excludable time. *Id*. at 5. Again, the defendant cannot adduce caselaw in support of a dismissal with prejudice on such a delay, let alone when the delay resulted from the Court finding that a continuance was warranted.

An appropriate remedy is not to dismiss with prejudice an indictment that the Court set for trial based on a valid finding that the ends of justice merited tolling the speedy trial clock until next year. This is all the more apparent because Juan Rios-Silva has never even moved to sever his case from his brother, a necessary antecedent to place him outside the restrictive language of § 3161(h)(6). The defendant takes issue with whether the United States could proceed with a trial before the applicable trial term, but the issue has never been whether the United States *could* but whether it *should*. Indeed, in prior filings and the hearing to continue the case, the United States was clear that its preference was to try the case once but would be prepared to try it twice if necessary. Could U.S. Coast Guard witnesses be ordered to appear for trial anywhere around the world? Of course. Does it promote judicial efficiency to order several U.S. Coast Guard witnesses to travel from posts near and far to testify twice on the same subject matter? No, and the same holds true for any other category of trial witness and is why § 3161(h)(6) exists in the first place. The longstanding

9

preference of the judicial system to try cases once that can be tried once applies here, and nothing in the defendant's motion leads to a different conclusion.

## CONCLUSION

Juan Rios-Silva's Motion to Dismiss Should be Denied.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    /s/ Daniel Baeza
Daniel Baeza
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov

**U.S. v. Juan Rios-Silva**                    **Case No. 8:21-cr-286-JSM-NHA**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Defense Counsel of Record

<u>/s/ Daniel Baeza</u>
Daniel Baeza
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov