UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**          CASE NO.: 21-cr-286-JSM-SPF
    *Plaintiff,*

**v.**

**JUAN GABRIEL RIOS-SILVA,**
    *Defendant.*
_____/

### DEFENDANTS REPLY TO UNITED STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT DUE TO SPEEDY TRIAL VIOLATION

**COMES NOW** the Defendant, JUAN GABRIEL RIOS SILVA, by and through undersigned counsel, and respectfully submits this reply to United States' Response in support of his Motion to Dismiss the Indictment due to violations of the Speedy Trial Act and the Sixth Amendment. The Government's response fails to address the key issues raised by Mr. Rios-Silva and instead resorts to unsubstantiated charges that are irrelevant. The Government has failed to comply with the Speedy Trial Act and the Sixth Amendment. It's response lacks merit for the following reasons:

    I.    **GOVERNMENT'S FAILURE TO ADDRESS DEFENDANT'S ARGUMENTS**

The Government's failure to address the procedural deficiencies and focus solely on it's allegations and sidesteps Mr. Rios-Silva's right to a fair trial.

1

Courts have held that procedural deficiencies must be addressed, and reliance solely on allegations is insufficient to counter claims of a speedy trial violation. *See United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010). These findings may be entered on the record after the fact, but they *made* after the fact. *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007). "[W]ithout on-the-record findings, there can be no exclusion under 3161(h)(7) . . . [I]f a judge fails to make the requisite findings regarding the need for ends-of-justice continuance, the delay resulting from the continuance must be counted …." *Zedner v. United States*, 547 8.S. 480 (2006)

The Government's response, which predominantly reiterates allegations against Mr. Rios-Silva without addressing the procedural deficiencies highlighted in his motion, fails to raise legal arguments that defend the violations.

## II. VIOLATIONS OF THE SPEEDY TRIAL ACT CANNOT BE TIED TO CO-DEFENDANT'S ALLEGED EXTRADITION

The extensive delays in trial proceedings violate the Speedy Trial Act and Mr. Rios-Silva's Sixth Amendment rights. The Speedy Trial Act mandates that a defendant must be tried within a specific timeframe unless certain delays are justified and documented as excludable. The Act aims to protect the defendant's right to a speedy trial, which is also safeguarded under the Sixth Amendment. *See United States v. Agosto-Pacheco*, 432 F. Supp. 3d 13 (D.P.R. 2019).

In *United States v. Agosto-Pacheco*, the Court analyzed emphasized the need to scrutinize delays to ensure they do not infringe on a defendant's rights. The delays in Mr. Rios-Silva's case, justified by the Government as necessary due to the

extradition of a co-defendant, lack substantial proof of due diligence and do not override the fundamental right to a speedy trial.

Further, the United States admits that it is seeking a life sentence for Mr. Rios. [ECF No. 161, p. 2 §1] This is in violation of the Mutual Legal Assistance Treaty extradition requests that the United States has sought with Colombia for the last decade and is now a bar to extradition of Mr. Rio's brother; it is also a violation of the Colombia Constitution and domestic law, and will also prohibit the extradition of Mr. Rio's brother. Article 35 of the Colombian Constitution and Law 906 of the 2004 of the Colombian Penal Code outlines the procedural aspects of extradition, reinforcing the constitutional requirement that extradition "can only be granted if the requesting country *provides formal assurances that the individual will not face the death penalty or a life sentence without the possibility of parole.*"[1] These provisions ensure that Colombia does not extradite its citizens without specific guarantees from the requesting country regarding the exclusion of life sentences or the death penalty.

Given the United States' position of a life sentence for Mr. Rios, and his brother who also faces the exact same federal charges and the exact same penalties, extradition from Colombia will no longer occur as is barred by the Colombian constitution and the current terms of the Mutual Legal Assistance Treaty. The basis for exclusion of time related to the extradition of Mr. Rios' co-defendant is no longer a defense that can be raised by the United States.

---

[1] Parole has been abolished in the federal system, and therefore no Colombian can ever face extradition with the possibility of a life sentence.

### III. FAILURE TO JUSTIFY DELAY

The Government now appears to take the position that its witnesses are now available to testify; this is contrary to its most recent position at a status conference regarding the Government's readiness to proceed to trial, and the basis for a trial date of January 2025.

### IV. DEFENDANT HAS BEEN INCARCERATED FOR YEARS

Since his arrest, the Defendant has spent pre-trial confinement in Pinellas County Jail, Citrus County Jail, and Hernando County Jail. He has been incarcerated for thirty-five months with trial not set to begin until at least January 2025. Courts have recognized that, in some situations, a pre-trial detention might offend Due Process. *See, e.g. United States v. Falcon,* 903 F.Supp 15158 (SDFL 1996), citing *United States v. Ojeda Rios*, 846 F.2d 167, 169 (2nd Cir. 1988) (noting that Due Process does not "set a bright-line limit for the length of the pretrial confinement). In *Falcon*, the Court reviewed the length of the defendant's incarceration and the trial date to determine whether a violation had occurred; the Court held that because, (1) the Defendant had only been held for less than *two months* on his instant charges, and (2), the Government had agreed to the Defendant's request to expedite proceedings in his case, the Court was able to set a trial date within three weeks of the defendant's resolution of other criminal charges *Id*. at 1521, 1522. Unlike *Falcon*, Mr. Rios has been deprived of liberty for approximately three years, did not have other pending charges and his current trial date is January 2025.

## CONCLUSION

For the foregoing reasons, Mr. Rios-Silva respectfully requests that this Honorable Court grant his Motion to Dismiss the Indictment with prejudice. The Government's response fails to address the critical issues raised in his motion, fails to justify a delay in procuring its witnesses, and improperly relies on the extradition of a defendant that will no longer occur. Upholding Mr. Rios-Silva's rights under the Speedy Trial Act and the Sixth Amendment requires dismissal of the indictment in this case.

Respectfully submitted,

*s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 694-7780

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

*s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 694-7780