UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                   CASE NO. 8:21-cr-286-JSM-NHA

JUAN RIOS-SILVA

### UNITED STATES' RESPONSE TO DEFENSE'S CLAIMS REGARDING EXTRADITION

The United States files this limited response to certain factual and legal claims in the Defendant's Reply to its Motion to Dismiss (Doc. 164) ("the Reply"). In short, the Reply assumes that an individualized sentencing assessment for Juan Rios-Silva is not only imputed to his codefendant, but that it then renders the extradition of the codefendant illegal. It then boomerangs back to Juan Rios-Silva's speedy trial calculation to reach the conclusion that his indictment should be dismissed with prejudice. There is no support in the law, facts, or common sense for the position taken in the Reply. The Court should disregard the Reply in its entirety.

The misapplication of Colombia's mutual assistance treaty with the United States based on the individualized assessment of culpability of a defendant not subject to the sentencing prohibitions of that treaty could give the Court erroneous and incorrect legal bases for the relief that Juan Rios-Silva seeks. For the reasons stated below, the United States corrects the record that was presented in the Reply.

## Relevant Factual Background

In or around the summer of 2021, federal law enforcement learned that Juan Rios-Silva planned to travel to Miami, Florida, from Colombia. An FBI special agent applied for a criminal complaint and arrest warrant on July 30, 2021, resulting in Juan Rios-Silva's arrest when he arrived at the Miami International Airport on or about August 1, 2021. Doc. 13. Upon his arrest, Juan Rios-Silva waived his *Miranda* rights and agreed to speak with law enforcement without an attorney. Ex. 1. The Defendant then, among other things, admitted to selling engines to known narcotraffickers and confirmed that he was visiting Miami on his own volition. Ex. 1.

Since his arrest, this Court has found—both with and without the defendant's objection—that the ends of justice supported tolling his speedy trial rights.

## Legal Authorities

Extradition is simply the procedure by which one country surrenders to a second country a person who is accused or convicted of an offense. *Terlinden v. Ames*, 184 U.S. 270, 289 (1902); *see also Restatement (Third) of the Foreign Relations Law of the United States* § 474, at 556-57 (1987). A treaty between the United States and Colombia governs the extradition process for those two countries and the assurances required—i.e., no death penalty and no life imprisonment—before the Republic of Colombia accedes to the extradition of its nationals.

The treaty's limitations on sentencing, however, are inapplicable to Colombian nationals who are found and arrested within the United States. Juan Rios-Silva's argument that the anticipated sentencing recommendation should he be

found guilty "is in violation of the…extradition requests that the United States has sought with Colombia for the last decade" and "also a violation of the Colombia Constitution and domestic law[,]" Doc. 164 at 3, is an erroneous application of law and facts. The reasoning within the Reply is not based on any precedent to which the United States is aware and appears to have been created out of whole cloth without reference to contrary caselaw.

The Reply's second argument relies on the initial flawed premise and is similarly defective. In short, the Reply extrapolates the individualized assessment of Juan Rios-Silva's sentencing exposure and imputes that to Milton Rios-Silva. *Id.* ("seeking a life sentence for Mr. Rios…will also prohibit the extradition of Mr. Rio's brother [Milton Rios-Silva]"). This argument, bereft of supporting caselaw, is flat-out incorrect and not reasonably subject to debate or interpretation.

When sentencing a defendant, a court must first determine the appropriate sentencing range for the Defendant by consulting the United States Sentencing Guidelines. *Gall v. United States*, 552 U.S. 38, 49 (2007). Then, courts must make an "individualized assessment based on the facts presented" of each defendant to determine a reasonable sentence based on the factors set forth in 18 U.S.C. § 3553(a). *Id.* The sentencing exposure of a defendant is rooted in the application of the Guidelines and these § 3553(a) factors; thus, defendants with the same offense of conviction may have substantially different sentences.

In any event, the Reply ignores a critical part of the extradition process: the assurances of the United States that prosecution will be consistent with the applicable

3

treaty. Each extradition includes an intra-departmental post-surrender letter describing the commitments of the prosecuting office. These are internal Department of Justice documents but they state, in pertinent part, that:

> In extraditing the defendant to the United States, the Government of Colombia requested certain assurances from the Government of the United States, including that the defendant will not be subject to…the imposition of life imprisonment…. Therefore, although the maximum statutory penalty for the charges for which [the defendant's] extradition was granted is life imprisonment, the Government of the United States has reaffirmed its commitment to honor all assurances with respect to [the defendant].

The Eleventh Circuit has explained that for defendants who are extradited, the United States must "live up to whatever promises it made in order to obtain extradition." *United States v. Valencia-Trujillo*, 573 F.3d 1171, 1174 (11th Cir. 2009). Juan Rios-Silva's sentencing exposure is therefore not imputed to Milton Rios-Silva, and the United States must abide by the promises it seeks for the latter's extradition.

## Conclusion

For the foregoing reasons, the Court should disregard the Reply in its entirety.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   */s/ Michael Leath*_____
Michael Leath
Special Assistant United States Attorney
United States Attorney No. 217
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Leath@usdoj.gov

4

**U.S. v. JUAN RIOS-SILVA**               **Case No. 8:21-cr-286-JSM-NHA**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2024, I electronically filed the

foregoing with the Clerk of Courts by using the CM/ECF system which will send a

notice of electronic filing to the following:

Counsel of Record

*/s/ Michael Leath*_____
Michael Leath
Special Assistant United States Attorney
United States Attorney No. 217
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Leath@usdoj.gov
