UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:21-cr-286-JSM-UAM

JUAN GABRIEL RIOS-SILVA

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss on speedy trial grounds. The Court, having reviewed the motion, response, replies, and being otherwise advised in the premises, concludes that the motion should be denied because the Court had a reasonable basis to continue the trial to the January 2025 trial term and Defendant has not established any actual prejudice associated with the continuance.

## DISCUSSION

Defendant Juan Rios-Silva filed a motion seeking dismissal of the indictment more than five months after the Court continued his trial to the January 2025 trial term. Defendant argues that his speedy trial rights were infringed to a degree that he suffered actual prejudice such that the indictment must be dismissed with prejudice. While Defendant lobbies numerous arguments in favor of dismissal with prejudice, only two issues are relevant to the analysis of whether excluding the time for Juan Rios-Silva's right to a speedy trial was reasonable when his co-defendant's speedy trial rights had not run.

Specifically, the Speedy Trial Act excludes a defendant's time to trial for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to

whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).  "There is a strong preference for trying codefendants together as it promotes judicial efficiency by avoiding successive trials involving the same evidence." *United States v. Khoury*, 901 F.2d 948, 972 (11th Cir. 1990); *see also United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1982) ("Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. It felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time.").

To determine whether a defendant may be deprived of his right to a speedy trial, courts should consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) actual prejudice to him.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Here, the Court concluded that the period awaiting codefendant Milton Rios-Silva's extradition fell within the "reasonable period of delay" described in § 3161(h)(6).  As the United States argues in the response, case law from the Eleventh Circuit supports the Court's continuance of the trial under these circumstances.  *See, e.g. United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988), *United States v. Murray*, 154 F. App'x 740, 746 n. 8 (11th Cir. 2005).  So, Defendant needs to establish actual prejudice associated with the delay to prevail on his motion.  The only prejudice Defendant points to relates to the death of "Sharkey," whom Defendant claims was an agent of the United States government.  Though Sharkey is indeed dead, Sharkey's death occurred in August of 2022, *before* the Court continued the trial to January 2025.  In other words, since this matter was not new

2

and already at issue prior to the most recent continuance, it is not material to any prejudice analysis.

In sum, the desirability of trying codefendants together, which saves trial preparation time, witness time, foreign travel, court time, and jurors' time, falls directly under the Speedy Trial Act exception stated in 18 U.S.C. § 3161(h)(6). Defendant has not established that the delay is unreasonable. More important, Defendant has not established actual prejudice associated with the continuance.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Indictment Due to Speedy Trial Violation (Dkt. 160) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this September 5, 2024.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record