UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                          CASE NO. 8:21-cr-286-JSM-NHA

JUAN RIOS-SILVA

**UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Juan Rios-Silva's Motion to Dismiss (Doc. 178) should be denied. He raises two questions: (1) Does the Maritime Drug Law Enforcement Act (MDLEA) require a nexus between an individual's criminal conduct and the United States; and (2) Does the MDLEA's extraterritorial jurisdiction extend to land-based coconspirators? The Eleventh Circuit has already answered both questions in the United States' favor, and just a few weeks ago this District reached the same conclusion with a similarly situated defendant.[1] Rios-Silva offers nothing pertinent or persuasive in this latest effort to dismiss his charges.

**Relevant Factual Background**

In or around the summer of 2021, federal law enforcement learned that Juan Rios-Silva planned to travel to Miami, Florida from Colombia. A Federal Bureau of

---

[1] Rios-Silva again raises the death of "Shakey" in August 2022 as grounds to dismiss the indictment. *See* Doc. 178 at 13-14. The Court has already ruled on Rios-Silva's public authority and entrapment by estoppel claims, denying both but permitting an innocent intent defense at trial. Doc. 89. This oft-litigated issue is not relevant to whether the MDLEA applies to land-based conspirators. In any event, Rios-Silva acknowledges receiving evidence on the issue and the caselaw cited, though attributed to the Eleventh Circuit, comprises Florida state cases that are not compelling authority. *See* Doc. 13-14.

Investigations special agent applied for a criminal complaint and arrest warrant on July 30, 2021, resulting in Juan Rios-Silva's arrest when he arrived at the Miami International Airport on or about August 1, 2021. Doc. 13. Upon his arrest, Juan Rios-Silva waived his *Miranda* rights and agreed to speak with law enforcement without an attorney. Ex. 1. The Defendant, among other things, admitted to selling engines to known narcotraffickers. Ex. 1. Below is an excerpt from Rios-Silva's post-arrest report:

> vessels that transported narcotics. RIOS-SILVA was aware which customers were involved in narco-trafficking, and as a result charged those customers higher prices knowing the TCO would not complain. Most of the diesel engines sold by RIOS-SILVA were installed on self propelled semi-submersibles (SPSS). CUMMINS is the brand of the diesel engine RIOS-SILVA always sold the TCOs for the SPSS vessels.
>
> The TCOs leaders chose RIOS-SILVA over other sellers because they trusted him. In addition, RIOS-SILVA provided the TCOs with additional services not offered by other sellers, like transporting the engines, the accessories from his store to the GFV or SPSS build location, and honor the warranty. Because of that trust, RIOS-SILVA was allowed to access the boat construction site. RIOS-SILVA was compensated with monetary bonuses.

## Legal Argument

### A. The MDLEA does Not Require a Nexus to the United States.

Rios-Silva argues that his case should be dismissed because there is no nexus between his conduct and the United States. But this argument is in direct contradiction to binding Eleventh Circuit precedent and Rios-Silva cannot adduce binding and persuasive authority to the contrary here, instead relying on the Ninth and Second Circuits. While federal circuit courts split on whether a nexus between criminal conduct under the MDLEA and the United States is required, the majority

position – and, importantly, the position taken by the Eleventh Circuit – requires no such nexus in MDLEA prosecutions. *See United States v. Stuart–Caballero,* 686 F.2d 890, 891 (11th Cir. 1982) (per curiam); *United States v. Suerte,* 291 F.3d 366, 375 (5th Cir. 2002); *United States v. Perez–Oviedo,* 281 F.3d 400, 402–03 (3d Cir. 2002); *United States v. Cardales,* 168 F.3d 548, 553 (1st Cir. 1999).

Neither the Eleventh Circuit nor most other circuits have "embellished the [MDLEA] with the requirement of a nexus between a defendant's criminal conduct and the United States." *United States v. Campbell*, 743 F.3d. 802, 810 (11th Cir. 2014) (citing *United States v. Estupinan*, 453 F.3d. 1336, 1338, n.2 (11th Cir. 2006). No more inquiry is needed on this point, but in a counterfactual scenario where such a nexus is indeed required, the Motion would still fail. The cooperating defendants who purchased Rios-Silva's engines are anticipated to testify at trial that they expected a substantial amount of the cocaine they smuggled to Central America and Mexico to be imported into the United States. Moreover, trial testimony is expected to include the purchase of boat engines in the United States in furtherance of the charged conspiracy.

The Motion raises a pure question of law to which the Court need not encumber itself with an evidentiary hearing, but even in the Ninth and Second Circuits where such a nexus requirement is applicable it would still not succeed.

### B. The MDLEA applies to Land-Based Conspirators.

Rios-Silva also argues that supplying engines to drug traffickers does not meet the MDLEA's jurisdictional requirement because he was not on the vessels when the Coast Guard interdicted them. Doc. 178 at 2. This is a misapplication of basic conspiracy law. The MDLEA's jurisdictional component applies equally to those on the vessel and to those who conspired to commit the offense. *United States v. De La Garza,* 516 F.3d. 1266, 1271 (11th Cir. 2008) ("the Government must preliminarily show that the conspiracy's vessel was, when apprehended, 'subject to the jurisdiction of the United States'") (citing *United States v. Tinoco*, 304 F.3d 1088, 1107 (11th Cir. 2002). Intuitively, when the Coast Guard interdicts a smuggling vessel subject to domestic jurisdiction on international waters, the mariners who smuggled the controlled substances and the conspirators who profited from it are both subject to prosecution under the MDLEA. Other judicial circuits also apply the MDLEA to coconspirators. *E.g.*, *United States v. Alarcon Sanchez*, 972 F.3d 156, 159, (2nd Cir. 2020) ("We also hold that Section 70506(b) of the MDLEA encompasses land-based conspiratorial conduct, which Congress is authorized to proscribe under the Necessary and Proper Clause.").

Less than a month before Rios-Silva filed his Motion to Dismiss, this District rejected similar arguments of a land-based Colombian organizer in an MDLEA prosecution. *United States v. Montero-Monsalvo*, Case No. 8:21-cr-377-KKM-AEP (M.D. Fla. Oct. 21, 2024). The defendant in that case argued that the MDLEA exceeded Congress's powers both as applied to him and on its face because he was

4

never on the high seas aboard the interdicted vessel. *Id*. at Doc. 50. The court disagreed. In its review that the prosecution of land-based conspirators had its roots in the early Republic—indeed, the First Congress—in the United States's first criminal code, the court concluded that the prohibition of land-based conduct advancing maritime crime in the 1790s supported that Congress could punish landward conspiracies to traffic controlled substances on the high seas. *Id*. at Doc 50 p. 5; *see also* Crimes Act of 1790, ch. 9, § 10, 1 STAT. 112, 114 (making it unlawful to give aid to piracy, robbery, and murder upon the high seas regardless of whether any "aiding," "commanding," or "advising" of those crimes took place "upon the land or sea").

Ignoring clear and unequivocal caselaw to the contrary, Rios-Silva instead gives substantial weight to cases that are disanalogous to the current case. *See* Doc. 178 at 2, 7. The first, *United States v. Lopez-Vanegas*, is at least in the correct Circuit, but it addressed charges under 21 U.S.C. §§ 841 and 846, the domestic drug trafficking and conspiracy statutes—not the MDLEA. 493 F.3d 1305 (11th Cir. 2007). The second, *United States v. Perlaza*, is a Ninth Circuit case. 439 F.3d 1149 (9th Cir. 2007). It is neither binding nor persuasive here, but also predated other precedent that contradicts Rios-Silva's position.

Thus, while the defendant was a land-based conspirator, the United States need only show that the defendant's conspiracy involved a vessel on international waters subject to the jurisdiction of the United States. The defendant admitted to supplying engines to drug smugglers in his post-arrest statement, and the United

5

States provided numerous discovery productions with Coast Guard interdictions linked to the defendant's conspiratorial conduct.[2]

The Defendant's Motion also alleges that the indictment is deficient because it does not allege how his actions impacted the interests of the United States. However, this argument fails as the indictment tracks the language of the MDLEA statute and sets forth the elements of the crime. "Constitutional requirements are fulfilled by an indictment that tracks the wording of the statute, as long as the language sets forth the elements of the crime." *United States v. Critzer*, 951 F.2d 306, 308 (11th Cir. 1992); *see also United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978) (on a motion to dismiss an indictment the district court must not pierce the pleadings or make a premature resolution of the merits of the allegations).

---

[2] As discussed, the superseding indictment is also sufficient as it tracks the language of the MDLEA and includes the jurisdiction language, "while upon the high seas on board a vessel subject to the jurisdiction of the United States." *See United States v. Critzer*, 951 F.2d 306, 308 (11th Cir. 1992).

## **Conclusion**

The Motion to Dismiss should be denied.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Michael Leath*
       Michael Leath
       Special Assistant United States Attorney
       United States Attorney No. 217
       Tampa, FL 33602-4798
       E-mail: Michael.Leath@usdoj.gov

U.S. v. JUAN RIOS-SILVA            Case No. 8:21-cr-286-JSM-NHA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2024, I electronically filed the foregoing with the Clerk of Courts by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel of Record

                            */s/ Michael Leath*
                            Michael Leath
                            Special Assistant United States Attorney
                            United States Attorney No. 217
                            400 N. Tampa St., Ste. 3200
                            Tampa, FL 33602-4798
                            Telephone: (813) 274-6000
                            Facsimile: (813) 274-6358
                            E-mail: Michael.Leath@usdoj.gov