# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**         CASE NO.: 21-cr-286-JSM-SPF
    *Plaintiff,*
**v.**

**JUAN GABRIEL RIOS-SILVA,**
    *Defendant.*
_____/

## DEFENDANTS REPLY TO UNITED STATES' OPPOSITION

**COMES NOW** the Defendant, JUAN GABRIEL RIOS SILVA, by and through undersigned counsel, and replies to the United States' Opposition. Mr. Rios-Silva asks this Court to consider the following:

Counsel for the defendant was unable to find an Eleventh Circuit case on point that supports the United States' assertion that a land-based defendant located in a foreign country can be prosecuted by the United States under the MDLEA. The cases cited by the United States support the broader assertion that those on a vessel subject to the United States can be prosecuted within the District Courts of the United States; they do not hold that a land-based, foreign defendant is similarly subject to prosecution.

1

The United States cites the case of *United States v. Montero-Monsalvo*, 8:21-cr-377-KMM-AEP (M.D.F.L. Oct. 21, 2024), and in doing so references that particular defendant's argument that the Maritime Drug Law Enforcement Act (MDLEA) exceeds Congress' powers as applied to him because he was never on the high seas aboard the interdiction vessel. *Id*. at Doc. 50. While the District Court disagreed with the defendant's legal arguments, Mr. Rios nevertheless persists in a similar argument and urges this Honorable Court to hold differently.

In *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248 (11th Cir. 2012), referenced by the defendant in *Montero-Monsalvo,* the Eleventh Circuit reaffirmed its holding that, "Congress, however, lacks the power to proscribe drug trafficking in the territorial waters of another State." Therefore, it is respectfully submitted that if Congress lacks the power to proscribe drug trafficking in the territorial waters of another State, Congress certainly lacks the power to proscribe drug trafficking upon the *terra firma* of another State, such as in the case at bar and as applied to the Defendant. Specifically, in *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024), the Court stated:

> "As mentioned previously, Article I, Section 8, Clause 10 of the Constitution bestows on Congress "three distinct grants of power:" (1) "the power to define and punish piracies," (the Piracies Clause); (2) "the power to define and punish felonies committed on the high [S]eas," (the Felonies Clause); and (3) "the power to define and punish offenses against the law of nations" (the Offences Clause). United States v. Bellaizac-

      Hurtado, 700 F.3d 1245, 1248 (11th Cir. 2012). … Congress, however, lacks the power to proscribe drug trafficking in the territorial waters of another State. United States v. Davila-Mendoza, 972 F.3d 1264, 1269, 1274–77 (11th Cir. 2020); see also Bellaizac-Hurtado, 700 F.3d at 1258." (Emphasis supplied.)

The Government argues that the conspiracy offense charged in this case was "committed on the high Seas while onboard a vessel subject to the United States." Respectfully, the Government is not correct when it states that the conspiracy offense charged in this case was "committed on the high seas." With regard to this Defendant, who was never on the high seas or onboard a vessel subject to the jurisdiction of the United States, although the substantive offense may have been committed on the high seas, his own alleged conduct (his agreement) occurred upon the *terra firma* of another country. It is the Government of Colombia that has jurisdiction of this case.

It is unconstitutional to apply the MDLEA to the Defendant, because it exceeds Congress' power to "define and punish . . . Felonies committed on the high Seas," U.S. Const., Art. I, § 8, cl. 10, where the Defendant's alleged conduct entirely in a foreign country but was done in furtherance of a drug-trafficking offense committed in international waters.

Stated another way, there is no subject matter jurisdiction that the United States may exercise where a defendant is charged with conspiracy with other

3

persons, *including persons who were on board a vessel subject to the jurisdiction of the United States*, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 46 U.S.C. §§70503(a)(1) and 70506(a) and (b), and 21 U.S.C. §960(b)(1)(b)(ii), *when the defendant himself was not aboard a stateless vessel on the "high seas."*

The United States cites to *United States v. Campbell* 743 F.3d 802, 810 (11th Cir. 2014) as support that there is no nexus requirement within the Eleventh Circuit. However, the defendants in *Campbell* were mariners, not land-based defendants and *Campbell* only analyzed the jurisdictional arguments as they related to stateless vessels, not land-based, foreign defendants. Similarly, the defendant in *United States v. Estupinan,* 453 F.3d 1336, 1338, n.2 (11th Cir. 2006) was a mariner, and the question presented to the Eleventh Circuit related to whether the jury should have been the deciding party as to whether the United States had jurisdiction to prosecute the defendant; it did not involve land-based, foreign defendants. Neither of these cases support the United States' arguments.

## CONCLUSION

WHEREFORE, the Defendant, JUAN GABRIEL RIOS-SILVA, for the foregoing reasons, respectfully requests this Honorable Court enter its order

dismissing the indictment with prejudice in the above cause, finding the United States lacks jurisdiction to prosecute the defendant.

Respectfully submitted,

*s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 694-7780

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

*s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 694-7780