# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**       CASE NO.: 21-cr-286-JSM-SPF
    *Plaintiff,*

v.

**JUAN GABRIEL RIOS-SILVA,**
    *Defendant.*
_____/

## DEFENDANTS OPPOSED MOTION TO DISMISS
## MONEY LAUNDERING CHARGE FOR IMPROPER VENUE

**COMES NOW** the Defendant, JUAN GABRIEL RIOS SILVA, by and through undersigned counsel, pursuant to Rule 12(b)(3)(A)(i) of the Federal Rules of Criminal Procedure, and hereby respectfully moves this Court to dismiss the money laundering charge of the superseding indictment due to improper venue. As grounds, Mr. Rios-Silva states as follows:

## CHARGING DOCUMENTS

**1.** A complaint was filed on July 30, 2021. [ECF No. 1] The complaint alleged violations of 46 U.S.C. §§ 70503(a) and 70506(a) and 21 U.S.C. § 960(b)(1)(B)(ii). There is no mention of jurisdiction or venue.

**2.** The defendant was arrested in Miami, Florida, on August 1, 2021; court

documents show this date to be August 2, 2021. [ECF No. 1]

3. On August 25, 2021, the defendant was charged by way of indictment. [ECF No. 17] The indictment charged the defendant with the same conduct. It included a new forfeiture provision. It does not reference jurisdiction or venue.

4. Approximately two years later, the United States chose to supersede the indictment, adding a second count – laundering of monetary instruments, in violation of 18 U.S.C. § 1956. [ECF No. 105] The superseding indictment also added a co-defendant, Milton Orlando Rios-Silva, the defendant's brother.

5. The superseding indictment alleges that "a part of the conspiracy was that the conspirators would collect the illicit drug proceeds within the Middle District of Florida and elsewhere." [ECF No. 105, p. 4, ¶ 6]

6. The United States' response to the defendant's Motion to Dismiss for Lack of Jurisdiction does reference Miami, Florida, which is the Southern District of Florida, but does not include any reference to any conduct alleged to have been committed in the Middle District of Florida. [ECF No. 179]

7. Discovery produced in this case fails to show any nexus to the Middle District of Florida.

## MEMORANDUM OF LAW

8. The Constitution of the United States provides that criminal trials

must be held in the state and district where the crime was allegedly committed. U.S. Constitution, Article III, Section 2, Clause 3, which establishes the venue requirement for criminal trials. U.S. Const. art. III, § 2, cl. 3.

9. The Sixth Amendment further guarantees the right of the accused to be tried in the state and district where the crime was allegedly committed. U.S. Const. amend. VI.

10. Federal law provides that for offenses begun in one district and completed in another, or committed in more than one district, venue is proper in any district where such offense was begun, continued, or completed.

11. Venue for money laundering violations under § 1956 (i). Laundering of monetary instruments is proper in:

   a. any district in which the financial or monetary transaction is conducted; or,

   b. any district where a prosecution for the underlying specified unlawful activity could be brought, *if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district where the financial or monetary transaction is conducted*. (emphasis added).

12. The Supreme Court's decision in *United States v. Cabrales,* 524 U.S. 1 (1998), provides additional critical guidance on the limitations of venue for money laundering offenses. The Court emphasized that venue is proper only in the district where the laundering occurred, rejecting arguments that venue could be established based solely on the origin of the proceeds.

## ARGUMENT

13.   In this case, the government has failed to establish that any part of the alleged money laundering offense occurred within this district. The superseding indictment contains boilerplate language but fails to describe why venue is proper. The indictment does not allege any acts related to the charged offense that occurred within this district, nor does it establish any connection between the alleged criminal activity and this district. The discovery provided in this case also fails to show a connection to the Middle District of Florida.[1]

14.   As such, venue is improper in this district, and the charge of money laundering charged in the superseding indictment should be dismissed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(i).

15.   Undersigned counsel conferred with AUSA Michael Leath regarding this motion. He opposes.

## CONCLUSION

**WHEREFORE,** the Defendant, JUAN GABRIEL RIOS-SILVA, for the foregoing reasons, respectfully requests this Honorable Court enter its order

---

[1] Defendant has previously argued that this case does not even belong in the United States, let alone the Middle District of Florida, and maintains that position.

dismissing the money laundering charge of the superseding indictment with prejudice in the above cause, pursuant to Rule 12(b)(3)(A)(i) of the Federal Rules of Criminal Procedure and the Sixth Amendment.

                                              Respectfully submitted,

                                              *s/Rebecca L. Castaneda*
                                              Rebecca L. Castaneda
                                              Florida Bar No. 1007926
                                              Rebecca@CastLF.com
                                              The Castaneda Law Firm PLLC
                                              506 N. Armenia Avenue
                                              Tampa, Florida 33609-1703
                                              (813) 694-7780

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on April 8, 2025, with the Clerk of the Court using the CM/ECF system which will automatically transmit an electronic copy to all counsel of record.

                                              *s/Rebecca L. Castaneda*
                                              Rebecca L. Castaneda
                                              Florida Bar No. 1007926
                                              Rebecca@CastLF.com
                                              The Castaneda Law Firm PLLC
                                              506 N. Armenia Avenue
                                              Tampa, Florida 33609-1703
                                              (813) 694-7780