# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**
    *Plaintiff,*

**v.**

CASE NO. 8:21-cr-286-JSM-SPF

**JUAN GABRIEL RIOS-SILVA,**
    *Defendant.*
_____/

### DEFENDANT'S OPPOSED MOTION TO SUPRESS STATEMENTS ALLEGEDLY MADE TO LAW ENFORCEMENT

**COMES NOW** the Defendant, JUAN GABRIEL RIOS SILVA, by and through undersigned counsel, pursuant to Rule 12 (b)(3)(c) of the Federal Rules of Criminal Procedure, and hereby respectfully moves this Honorable Court to suppress statements allegedly made by the Defendant to law enforcement. The statements recorded by law enforcement were not made to law enforcement. They are inaccurate, prejudicial to the defendant, and should be suppressed in any court proceeding. In support of his motion, Mr. Rios-Silva states:

### PROCEDURAL HISTORY

On July 30, 2021, the Defendant was charged by way of a complaint with one count of conspiring to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70606(a) [ECF No. 100] He was arrested on

August 2, 2021. [ECF No. 2][1] He was detained and has been held in federal custody since. [ECF No. 10] On August 25, 2021, the Defendant was charged by way of indictment with one count of knowingly and intentionally conspiring with other persons with intent to distribute a controlled substance involving five kilograms or more of cocaine while upon the high seas on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). [ECF No. 17]

On September 15, 2021, the Defendant was arraigned before Magistrate Judge Sean Flynn. [ECF No. 24] Trial was set for November 1, 2021. [ECF No. 25] On October 8, 2021, the court granted Defendant's Motion to Extend Pretrial Motions and Notices, extending the deadline to October 20, 2021. [ECF No. 31] On October 21, 2021, Defendant filed an unopposed motion to continue trial, which this Honorable Court granted; this case was placed on the January 2022 trial docket. [ECF No. 32]

The defendant was interviewed at Custom and Border Protection (CBP) offices, located at the Miami International Airport. The Defendant provided a post-arrest statement to FBI Special agents Miasotis Ortiz-Rodriguez and Robert Lauria. The Defendant proffered with the United States government on November 5, 2021, and December 9, 2021. During the first proffer on November 5, 2021, AUSA Joseph Ruddy was present along with Homeland Security Investigations (HSI) Special Agent

---

[1] The Defendant asserts that he was actually arrested on August 1, 2021, in Miami, Florida, at the Miami International Airport.

(SA) Heather McDonough, Coast Guard Investigative Services (CGIS) SA Marty Russell and Federal Bureau of Investigation (FBI) Investigative Analyst (IA) Joey Pardo, FBI Special Agent Miosotis Ortiz-Rodriguez was not present. During this proffer on November 5, 2021, the defendant and his previous counsel, Mr. Frank Prieto, both became aware that the report for the post-arrest statements that occurred on August 1, 2021, was inaccurate. During the post-arrest interview, the Defendant allegedly made statements to law enforcement officers. The defendant and his prior counsel contend that these statements are not accurate. The defendant and his current counsel contend that they should be suppressed.

During the first proffer on November 5, 2021, AUSA Joseph Ruddy was made aware that the statements were not accurate, he telephoned Special Agent Ortiz-Rodriguez to discuss the inaccuracy. The affidavits of previous counsel and the defendant explain what occurred. In summary, AUSA Ruddy called Special Agent Ortiz-Rodriguez and asked if her report of the August 1, 2021, post-arrest statements was correct. He read her portions of the interview over the phone; some portions she agreed did not accurately reflect the defendant's first proffer and statements made to law enforcement. AUSA Ruddy then ended the phone call, and then immediately ceased the interview.

The following portions of the interview were included in the law enforcement report but were never made by the defendant:

1. He never said he "knew" the engines would be outfitted on vessels for the purpose of narco trafficking activities;

2. He never said that "knew" the Cummins BT6 diesel engines were for self-propelled semi-submersibles (SPSS);
3. He never charged higher prices for engines to traffickers and never sold engines on consignment as one of the flips claimed;
4. He never delivered anything to the build sites of go-fast vessel or self-propelled semi-submersibles;
5. He did not sell 24 motors; he stated, "vendí cuatro" as opposed to he sold him "veinticuatro."
1. He did not make specialty "repair kits" for narco customers; he would sell a standard repair kit as any customer could buy that had extra hoses, gaskets, seals, etc.

Additionally, as the affidavits of prior counsel (Exhibit A) and the defendant (Exhibit B) state, Agent Ortiz-Rodriguez stated in the post-arrest interview that she agreed that the defendant never had access to SPSS build locations, contrary to her report, and that Rios was never paid a bonus for successful delivery of narcotics, contrary to her report.

Undersigned counsel received copies of the alleged statements made to law enforcement on January 13, 2025. Special Agent Ortiz-Rodriguez's notes were also provided to undersigned counsel. Prior counsel and undersigned counsel both reviewed and observed that the agent's real-time notes do not show the defendant made several of these statements.

Despite requests from prior and current and undersigned counsel to correct the inaccurate statements, the law enforcement reports were never corrected.

## ARGUMENT

The Fifth Amendment to the United States Constitution protects individuals against self-incrimination, and inaccurate statements attributed to a defendant violate this fundamental right.

The use of inaccurate statements at trial would prejudice the Defendant and undermine the integrity of the judicial process.

Federal Rule of Criminal Procedure 12(b)(3)(C) allows for pretrial motions to suppress evidence. The suppression of these inaccurate statements is necessary to protect the Defendant's constitutional rights and ensure a fair trial.

Undersigned counsel conferred with AUSA Michael Leath regarding the improper and inaccurate statements. AUSA Leath opposes this motion.

## CONCLUSION

**WHEREFORE,** the Defendant, JUAN GABRIEL RIOS-SILVA, for the foregoing reasons, respectfully requests this Honorable Court:

1. Grant this Motion to Suppress;
2. Suppress all statements made to law enforcement in connection with this case;
3. Prohibit the government from using these statements or any evidence derived therefrom at trial; and
4. Grant any other relief that this Honorable Court deems just and proper.

Respectfully submitted,

        *s/Rebecca L. Castaneda*
        Rebecca L. Castaneda
        Florida Bar No. 1007926
        Rebecca@CastLF.com
        The Castaneda Law Firm PLLC
        506 N. Armenia Avenue
        Tampa, Florida 33609-1703
        (813) 694-7780

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on April 8, 2025, with the Clerk of the Court using the CM/ECF system which will automatically transmit an electronic copy to all counsel of record.

        *s/Rebecca L. Castaneda*
        Rebecca L. Castaneda
        Florida Bar No. 1007926
        Rebecca@CastLF.com
        The Castaneda Law Firm PLLC
        506 N. Armenia Avenue
        Tampa, Florida 33609-1703
        (813) 694-7780