UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**      CASE NO.: 21-cr-286-JSM-SPF
    *Plaintiff,*

**v.**

**JUAN GABRIEL RIOS-SILVA,**
    *Defendant.*
_____/

## DEFENDANT'S OPPOSED MOTION TO EXCLUDE BUSINESS RECORDS CONTAINED IN ECF NO. 204

Defendant Juan Gabriel Rios-Silva by and through undersigned counsel, files this Opposed Motion to Exclude Business Records Contained in ECF No. 204 as they do not meet the requirements to authenticate foreign business record as dictated by 18 U.S.C. § 3505 – Foreign records of regularly conducted activity and therefore cannot be used at trial. As grounds, Mr. Rios-Silva states as follows:

### PROCEDURAL HISTORY

On March 21, 2025, the United States filed a <u>Notice of Intent to Offer Foreign Record of Regularly Conducted Activity</u>. [ECF No. 204] The Notice states that the United States seeks to admit several documents at trial pursuant to 18 U.S.C. § 3505 and Rule 803(6). The documents are purchase records for Yamaha Motors.

### RELEVANT LAW

**A. Federal Rule of Evidence 803. Exceptions to the Rule Against Hearsay**

Federal Rule of Evidence 803(6) outlines the requirements of Records of a

Regularly Conducted Activity exception to hearsay:

> **(6)** *Records of a Regularly Conducted Activity*. A record of an act, event, condition, opinion, or diagnosis if:
> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

### B. Federal Rule of Evidence 902 Evidence That is Self-Authenticating

Federal Rule of Evidence 902(11) describes the requirements to certify a domestic record of a regularly conducted activity. It states:

> **(11)** *Certified Domestic Records of a Regularly Conducted Activity*. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

### C. Federal Rule of Evidence 106 Remainder of or Related Writings or Recorded Statements

Commonly referred to as the Rule of Completeness, Federal Rule of Evidence 106 states, "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time."

### D. 18 U.S.C. § 3505 - Foreign Records of Regularly Conducted Activity

In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity shall not be excluded as evidence by the hearsay rule if a foreign business record certification attests:

> **(A)** such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;
> **(B)** such record was kept in the course of a regularly conducted business activity;
> **(C)** the business activity made such a record as a regular practice; and
> **(D)** if such record is not the original, such record is a duplicate of the original; unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.
>
> **(2)** A foreign certification under this section shall authenticate such record or duplicate.
>
> **(b)** At the arraignment or as soon after the arraignment as practicable, a party intending to offer in evidence under this section a foreign record of regularly conducted activity shall provide written notice of that intention to each other party. A motion opposing admission in evidence of such record shall be made by the opposing party and determined by the court before trial. Failure by a party to file such motion before trial shall constitute a waiver of objection to such record or duplicate, but the court for cause shown may grant relief from the waiver.
>
> **(c)** As used in this section, the term—
> **(1)** "foreign record of regularly conducted activity" means a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, maintained in a foreign country;
>
> **(2)** "foreign certification" means a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely made, would subject the maker to criminal penalty under the laws of that country; and
>
> **(3)** "business" includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

## ARGUMENT

### A. Exhibit A of ECF No. 204

Exhibit A of the records filed at ECF No. 204 purports to certify business records from a foreign company located in Bogota, Colombia. The records produced in response include sales receipts of boat motors. The business record custodian appears to be the business manager.

The certification does not include a proper foreign certification, which is a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely made, would subject the maker to criminal penalty *under the laws of that country*. (emphasis added) The certification is required and is missing. Further, this authentication is in English, not Spanish, which is the native language of the country of Colombia; it should not be inferred that any statement made in English would automatically give rise to liability within the country of Colombia. The language in 18 U.S.C. § 3505 is concise and specific. Exhibit A should be excluded for use at trial as it does not meet the requirements of a properly authenticated foreign business record.

## CONCLUSION

The Defendant objects to the authentication of ECF No. 204 Exhibit A and respectfully requests that this Honorable Court enter an order finding them inadmissible at trial.

DATED this 8th day of April 2025.

Respectfully submitted,

*/s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 694-7780

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on April 8, 2025, with the Clerk of the Court using the CM/ECF system which will automatically transmit an electronic copy to:

**AUSA Michael Leath**
**AUSA Daniel Baeza**

By:   */s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 694-7780