UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 8:21-cr-286-JSM-NHA

JUAN GABRIEL RIOS-SILVA

## MOTION FOR INQUIRY ON POTENTIAL CONFLICT

The United States moves that the Court conduct a pretrial inquiry on a potential conflict of interest regarding the Defendant's investigator, Erin Marshall.

The investigator is a former FBI special agent who resigned from the FBI in or around April 2024. According to FBI's internal confidential human source management database, Marshall was listed as a handler for the same confidential human source that was the subject of litigation in this case on the defendant's assertion of public authority. *See* Doc. 33, 64, 89. The covered period where Marshall was assigned this role was between on or about December 20, 2013, to May 7, 2014, the day that the confidential human source was deactivated. According to the defendant's Notice of Public Authority filing, contact between him and the confidential human source was "sometime in 2014 or 2015 where a meeting occurred in Miami, FL." Doc. 33 at 2.

The United States learned of Marshall's involvement in the case following the defendant's motion seeking permission for Marshall to bring her laptop and cellphone into court to assist counsel during the trial. *See* Doc. 227. The United

States confirmed her identity with defense counsel on April 18 and confirmed her prior involvement in this case on April 20.

During the pendency of the public authority motion, the lead FBI special agent conducted a *Brady* inquiry with Marshall in or around August 2022 while she was still a special agent. This inquiry also included a briefing on the case. The lead FBI special agent conducted a review of Marshall's FBI-issued phone for the presence of any exculpatory information.

The United States learned of Marshall's involvement in the case following the defendant's motion seeking permission for Marshall to bring her laptop and cellphone into court to assist counsel during the trial. *See* Doc. 227. The United States confirmed her identity with defense counsel on April 18 and confirmed her prior involvement in this case on April 20.

Federal law imposes permanent restrictions on former employee representation in matters where they had prior involvement. 18 U.S.C. § 207. In short, any former officer or employee of the executive branch of the United States cannot knowingly make, "with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States…on behalf of any other person (except the United States or the District of Columbia) in connection with a particular matter" if certain criteria are met. *Id*. at 207(a)(1). These criteria are:

(A) The United States is a party or has a direct and substantial interest,

(B) The person participated personally and substantially as such officer or employee, and

(C) The participation involved a specific party or specific parties at the time of such participation.

*Id*. at 207(a)(1)(A)-(C). Penalties for violations of § 207 include injunctive relief, civil penalties, and incarceration. 18 U.S.C. § 216.

Substantial participation "means that the employee's involvement was of significance to the matter." 5 C.F.R. § 2641.201(i)(3). It "requires more than official responsibility, knowledge, perfunctory involvement, or involvement on an administrative or peripheral issue. A finding of substantiality should be based not only on the effort devoted to a matter, but also on the importance of the effort." *Id*. Moreover, while a series of peripheral involvements may be insubstantial, "the single act of approving or participating in a critical step may be substantial." *Id*. A former employee "makes an appearance when [she] is physically present before an employee of the United States, in either a formal or informal setting. Although an appearance also may be accompanied by certain communications, an appearance need not involve any communication by the former employee." *Id*. at § 2641.201(d)(2).

# CONCLUSION

Based on the foregoing, the United States requests that the Court conduct a pretrial inquiry on this potential conflict.

        Respectfully submitted,

        GREGORY W. KEHOE
        United States Attorney

By:   /s/ *Daniel Baeza*
        DANIEL BAEZA
        Assistant United States Attorney
        USAO No. 164
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Daniel.Baeza@usdoj.gov

U.S. v. Rios-Silva                                  Case No. 8:21-cr-286-JSM-NHA

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2025, I filed the foregoing with the Clerk of the Court under seal and served a copy of the same to the following:

Defense Counsel of Record

                                        /s/ *Daniel Baeza*
                                        DANIEL BAEZA
                                        Assistant United States Attorney
                                        USAO No. 164
                                        400 N. Tampa Street, Suite 3200
                                        Tampa, Florida 33602-4798
                                        Telephone:  (813) 274-6000
                                        Facsimile:   (813) 274-6358
                                        E-mail: Daniel.Baeza@usdoj.gov